Nelson *v.* Rockwell.

---

ANDREW NELSON, Plaintiff in Error, *v.* LOVETT P. ROCK-WELL, Defendant in Error.

ERROR TO WARREN.

Fraud is one of the broadest grounds of equity recognized by the courts, and relief may be obtained against a judgment at law, although the party might find a remedy in the court of law.

And even where a party had notice of the judgment in time to have appealed the case by *certiorari,* and made an abortive attempt to do so, this will not deprive him of the right to apply to a court of equity for relief against the fraudulent judgment. A party may also obtain relief in equity on the ground of fraud against a void, as well as a voidable judgment.

THIS was a bill for an injunction, filed by the plaintiff in error in the Warren Circuit Court, on which an injunction issued. At the April term, 1851, of said circuit court, KELLOGG, Judge, on motion of the defendant, the injunction was dissolved, and the bill dismissed for want of equity therein. The complainant prosecuted his writ of error. The facts and allegations of the bill are sufficiently disclosed in the opinion of the court.

N. H. PURPLE, for plaintiff in error.

J. MANNING, for defendant in error.

CATON, J. The injunction originally granted in this suit was dissolved, and the bill dismissed in the circuit court, on the

motion of the defendant, for the want of equity on the face of the bill. Upon that motion, as upon a demurrer, all of the allegations of the bill must be considered as true. We take an entirely different view of the case made in this bill, from the one entertained by the circuit court. In our opinion, the bill states a very gross case of fraud on the part of the defendant in obtaining the judgment sought to be enjoined. It is alleged that he knew that he had no cause of action against the complainant, and circumstances are stated, inevitably leading to that conclusion. He omitted abundant opportunities to commence the suit, when he might have procured a personal service upon the defendant in that action, but waited till the party had removed to another State, when he sued out an attachment against him, of which he had no notice till long after the judgment was rendered. The plaintiff in the attachment procured a person whom he knew had no authority to do so, to enter the appearance of the defendant in that action, and then took a personal judgment against him upon a fictitious claim, upon a note which he knew was paid, for he had paid and satisfied it himself in pursuance of an agreement which he had entered into with the makers of the note, upon a full and abundant consideration. Here are all the elements of a gross fraud. The whole proceeding was fraudulent from its inception to its final conclusion. Fraud is one of the broadest grounds of equity recognized by the courts, and relief may be obtained against a judgment at law, although the party might find a remedy in the court of law. It is the fraud which gives jurisdiction to this court, and the aggrieved party is not obliged to resort to another tribunal, possessed of less power and appliances to ascertain the truth, and grant the requisite remedy, although the other tribunal may have jurisdiction. In Hare and Wallace notes to 2 Leading Cases in Equity, (47 Law Library, 208,) this ground of equitable jurisdiction is very elaborately examined, and most, if not all of the American cases are referred to. They say: " It is admitted on all hands that where a judgment has been obtained by fraud or undue advantage, equity will relieve by injunction, even where relief might be had on motion at law. For as in such cases the judgment is voidable, it cannot be an estoppel on the matter by which it may be avoided; and proceedings to set it aside being purely original, may be instituted either at law or in equity, at the option of the injured party. A fraudulent judgment is void in equity as it regards the party defrauded, and cannot therefore preclude the exercise of equitable jurisdiction." The fact, too, that the party had notice of the judgment in time to have appealed the case by

Nelson *v.* Rockwell.

*certiorari* under the statute, and that he made an abortive attempt to do so, does not deprive him of the right to apply to a court of equity for relief against the fraud which has been perpetrated. This is fully settled in the case of Propst *v.* Meadows, 13 Illinois Reports, 157, where the precise question arose. But the judgment is not impeached alone for the fraud alleged. It is shown to be void for the want of jurisdiction in the justice to render the judgment. The suit was by attachment, which was only served upon two garnishees, without personal notice to the defendant in that case. In such a case the court gets no personal jurisdiction of the defendant, nor can it render any personal judgment against him, unless his appearance is properly entered. In a justice's court, such appearance cannot be entered by an attorney or agent of the party, even though he have written authority from the defendant to do so. The statute prescribes the mode in which the justice shall acquire jurisdiction, and that is only by the service of process, or a personal appearance of the defendant, and a waiver of service. Evans *v.* Pierce, 2 Scam. 468. In that case, the defendant had sent a letter to the justice authorizing him to enter the judgment, which was accordingly done, and the court held that judgment to be not merely voidable, but utterly void. In this case, the appearance of the defendant was entered by a third party, and that too, without the least authority from the defendant there, but at the fraudulent instigation of the plaintiff.

But the fact that the judgment is void constitutes no reason why a court of equity may not quiet the apprehensions of the party, and secure him against further annoyance from it by granting effectual relief against it. It has been settled by this and other courts that a void judgment may be reversed on error. Green *v.* Wheeler, 1 Scammon, 554. And so also, the authorities show that courts of equity will grant relief as well against void as voidable judgments. Humphries *v.* Bartee, 10 Smedes & Marshall, 282.

The decision of the circuit court, dissolving the injunction, and dismissing the bill, must be reversed, and the suit remanded.

*Judgment reversed.*