## SALLY M. FOLLANSBEE ET AL.

### v.

## THE SCOTTISH-AMERICAN MORTGAGE COMPANY ET AL.

1. PRACTICE IN CHANCERY—APPEAL FROM ORDER DISMISSING CROSS-BILL.—Whether an order dismissing a cross-bill is merely interlocutory, or is such a final order as may be appealed from, is not decided; but in this case the dismissal of the cross-bill being followed by the dismissal by the complainant of the original bill, from which order also an appeal was taken, the latter appeal brings up the whole record, and enables appellants to assign for error the order dismissing the cross-bill.

2. CROSS-BILL.—Whenever, in chancery, it becomes necessary to bring all the rights of all parties fully before the court, so that complete equity may be done, as well to the defendants as the complainants, resort must be had to a cross-bill.

3. WHEN DEFENDANT ENTITLED TO AFFIRMATIVE RELIEF.—The origi-

nal bill in this cause sought to subject to the payment of complainant's debt, certain land for which it was claimed had been fraudulently conveyed to the defendant. The cross-bill denied the fraud, alleged that the land was conveyed to her as security for a *bona fide* debt, and that complainant's debt was already amply secured by a mortgage upon other land. Although a decree dismissing the original bill would be a bar to any further attempt to attack the defendant's title, yet the equity of redemption of the mortgagor in the land held by her would have subsisted unaffected by decree, and she, as holder of the paramount lien, had an equitable right to have this equity of redemption extinguished by foreclosure, and this was a matter of affirmative relief which she could obtain only by a cross-bill.

4. CROSS-BILL MUST RELATE TO SUBJECT-MATTER OF THE ORIGINAL BILL.—While the allegations of the cross-bill must relate to the subject matter in controversy in the original bill, they are not restricted to the issues in the original cause. In this case the subject-matter of the original bill, so far as relates to appellant, being an attack upon her rights in the land in question, it is no departure from the case, for her, in turn, to seek to have her title ascertained and declared.

5. VACATING JUDGMENT AT LAW, BY CROSS-BILL.—As to the other defendant, the original bill sought to enforce against his property certain judgments entered against him by confession. His cross-bill alleged that said judgments were obtained without jurisdiction, and prayed that said judgments might be declared void and vacated. The relief here sought was certainly germane to the original bill.

6. REMEDY AT LAW—VOID JUDGMENT.—A judgment rendered without jurisdiction is void, and may be attacked collaterally, in any proceeding in which its validity may be called in question. This principle is in no way affected by the fact that the defendant has a right to have such judgment reversed on appeal or error. It is clearly within the jurisdiction of courts of equity to enjoin or vacate such judgments.

7. PRACTICE ON REVERSING A DECREE.—By statute, a complainant has no right, except by consent, to dismiss his bill, after the filing of a cross-bill and the demurrers to the cross-bills in this case having been improperly sustained, upon reversal of that order in this court the parties are remitted to the same position they were in when the errors were committed. The cross-bills being sufficient and proper, the complainant had no right to dismiss its original bill, and that order of dismissal will, therefore, be set aside.

APPEAL from the Superior Court of Cook county; the Hon. SAMUEL M. MOORE, Judge, presiding. Opinion filed November 8, 1880.

This case is as follows: On the 27th day of February, 1879, The Scottish-American Mortgage Company (limited), filed in the Superior Court of Cook county, its bill in chancery against

Charles Follansbee, Sally M. Follansbee, his wife, and others, alleging the recovery by said complainant in said court on the 24th day of February, 1879, of five judgments against said Charles Follansbee, upon indebtedness contracted April 15, 1876, each for the sum of $10,700 and costs; the issuing of executions thereon, and the levying of said executions by the sheriff upon certain real estate in said county. The bill further alleges that said Charles Follansbee, being the owner in fee of said real estate, conveyed a certain portion of the same to his son, Frank H. Follansbee, by two deeds, bearing date respectively, July 15, 1878, and January 27, 1879, who immediately thereafter conveyed the same to said Sally M. Follansbee; that the residue of said real estate was conveyed by said Charles Follansbee, to one Frederick C. Tyler by deed, dated December 1, 1877, who, in turn, on the same day, conveyed the same to said Sally M. Follansbee; that said conveyances were merely colorable, and made for the sole purpose of defrauding the complainant and evading payment of said indebtedness.

The bill further alleges that on the 8th day of February, 1879, said Sally M. Follansbee filed her certain bill of complaint in said court against said Charles Follansbee, alleging the existence of certain indebtedness from him to her, and praying that said real estate be applied to the payment thereof; that on the 12th day of February, 1879, said Charles Follansbee appeared, without process, and filed his answer to said bill, confessing and admitting all the allegations thereof; that a replication had been filed, and the cause, by consent of the parties, referred to the master to take proofs therein; that the hearing before the master was nearly completed, and that a decree was about to be entered confirming said conveyances to said Sally M. Follansbee. The complainant charges that nothing whatever was due from said Charles Follansbee to said Sally M. Follansbee, and that said suit was the result of a conspiracy between them to defraud the complainant, and to prevent the application of said real estate to the payment of said judgments.

The bill prays for a consolidation of this suit with that of Sally M. Follansbee against Charles Follansbee, and that the

Follansbee v. Scottish-Am. Mort. Co.

complainant be made a party defendant to the last named suit, and have leave to file an answer and cross-bill and to introduce evidence therein the same as though it had been an original defendant; that said suit be stayed until the complainant's rights shall be fully determined; that said several conveyances be canceled and decreed to be null and void; that the complainant's judgments be decreed to be a first lien upon said real estate, and that the same be sold for the satisfaction thereof.

Said defendants, Charles Follansbee and Sally M. Follansbee, appeared and answered separately, and in each of said answers it was averred, in substance, that said five judgments were recovered without any jurisdiction in said court of the person of said Charles Follansbee; that he was not served with process in the causes in which said judgments were rendered, and did not enter his appearance therein; that said judgments purported to be by confession, and were recovered in the following manner. The attorney of the complainant appeared in court accompanied by the attorney who signed the cognovits, and held in his hand what he represented to the court to be promissory notes and warrants of attorney, made to the complainant by Follansbee, and filed in said court what purported to be copies of said alleged notes and warrants of attorney, with the affidavit of one Daniel H. Hale annexed to each, stating that said alleged copies were the true notes and warrants of attorney of said Follansbee; that said affidavits were all the evidence taken or considered by the court; that the statements of the affidavits were untrue and were made for the purpose of deceiving and imposing upon the court.

Said answers further allege that said five notes, at the time they were given, were, and still are, secured by a deed of trust on unincumbered real estate in Chicago, valued by the agents of the complainant at the time said notes were given, and worth not less than $214,000, and still worth much more than the amount of said notes; that Follansbee offered to turn out to the sheriff on said executions the property covered by said deed of trust, the same being subject to no other incumbrance, and requested him to levy upon the same, but that the sheriff, in obedience to complainant's directions, refused so to do.

The answers admit the several conveyances to Sally M. Follansbee alleged in the bill, but deny that such conveyances were colorable or without consideration, or made with intent to defraud the complainant, and aver that the same were fair, honest and *bona fide*, and made with the sole purpose of securing to said Sally M. Follansbee an indebtedness then due and owing from said Charles Follansbee to her of about $200,000; that while said conveyances were absolute in form, they were made and delivered as a security only, and together constitute a mortgage for the indebtedness above mentioned; that said Charles Follansbee still holds an equity of redemption in said premises, subject to levy and sale on execution, but also subject to the prior lien of said mortgage.

The answers further admit the filing by said Sally M. Follansbee of her bill of complaint against Charles Follansbee for an account and for the foreclosure of said mortgage, and aver that Charles Follansbee was duly served with process in said suit, and thereafter filed his answer therein; that a replication was filed and the cause referred to the master to take proofs; that in compliance with its request, the complainant in this suit was notified of the time and place of taking testimony before the master, and was, by its solicitors in attendance thereon; that said Sally M. Follansbee, with a view of enabling the complainant to fully examine into, and satisfy itself as to the legality, honesty and correctness of all the items of her said account, voluntarily offered to allow it, though not a party to the suit, to appear before the master, cross-examine her witnesses, and produce testimony in defense; but that the solicitors of the complainant declined so to do, and contented themselves with observing and listening to the testimony introduced by her; that the master filed a report of the testimony taken on said reference, and that thereupon a decree was entered by the court, finding the sum of $206,774.65 due from said Charles Follansbee to said Sally M. Follansbee, and that said several conveyances to said Sally M. Follansbee were intended as a mortgage to secure to her the payment of said indebtedness, and decreeing a sale of said real estate for the payment thereof.

Follansbee v. Scottish-Am. Mort. Co.

After answering as aforesaid, said Charles Follansbee and Sally M. Follansbee each filed in said cause a separate cross-bill, setting up substantially the same matters alleged in their answers. Said Charles Follansbee, by his cross-bill, prayed for an injunction restraining the sale of said real estate under said judgments and executions; that said judgments be declared null and void; that the complainant be required to first exhaust the real estate covered by its deed of trust, before resorting to any other property of the defendant; that the decree in said foreclosure suit be declared to be a perpetual bar to any proceeding by the complainant to compel a further accounting between said defendants, and a general prayer for other and further relief.

Said Sally M. Follansbee, by her cross-bill, prayed that said several judgments against said Charles Follansbee, and the levies of the executions issued thereon, be annulled, vacated and set aside, and the sale of said real estate under said levies enjoined; that her claim upon said real estate, under and by virtue of said decree, be declared prior and paramount to the liens of the complainant by virtue of said judgments, and a general prayer for all such other, further and different relief as to equity shall seem meet, and as her case shall from time to time require.

To each of said cross-bills the complainant in the original bill interposed a demurrer for want of equity, and also alleging specially the following grounds of demurrer:

1. That the complainants in said cross-bills have an adequate and ample remedy at law to reverse on appeal or by writ of error, the five judgments complained of in said cross-bills, even if the errors therein assigned are well taken.

2. That the security taken for the notes of Charles Follansbee is no bar either at law or in equity to enforcing by judgment and execution the indebtedness evidenced by said notes.

3. That the complainant in the original bill, not having been made a party to the suit of Follansbee v. Follansbee, is not concluded by the decree therein for an accounting.

4. That the rights of the complainants in said cross-bills are fully stated and set forth and protected in and by the several

answers to the original bill, and that there are no new matters or equities shown by said cross-bills.

In the demurrer to the cross-bill of said Sally M. Follansbee, the following additional grounds of demurrer were alleged, viz.:

1. That by reason of the refusal of the court to consolidate this cause with the cause of Follansbee v. Follansbee, the complainant is not concluded as to the questions involved in said cause.

2. That said Sally M. Follansbee is not entitled to have said five judgments set aside, for the reason that said judgments were recovered by the Mortgage Company against Charles Follansbee, a third and different party.

Both of said demurrers were sustained by the court, and the cross-bills dismissed at the costs of the complainants therein. Immediately after the entry of the order dismissing the cross-bills, the original bill was, on motion of the complainant therein, but against the objection and exception of said defendants, dismissed at said complainants' costs. Appeals to this court were thereupon prayed by Charles Follansbee and Sally M. Follansbee, both from the order dismissing the cross-bills and the order dismissing the original bill, and both appeals were perfected by filing appeal bonds. The errors assigned call in question the decision of the court below sustaining the demurrers to and dismissing the cross-bills, and allowing the complainant in the original bill to dismiss said bill, against the objection of the appellants.

Messrs. McCoy & Pratt and Mr. N. A. Partridge, for appellants; that appellant, Sally M. Follansbee, could not by her answer obtain the relief she was entitled to, and such relief was the proper subject of a cross-bill, cited Ballance v. Underhill, 3 Scam. 453; Edwards v. Helm, 4 Scam. 143; Rowan v. Bowles, 21 Ill. 17; McConnell v. Smith, 23 Ill. 611; Newburg v. Pearce, 85 Ill, 395; Mason v. McGirr, 28 Ill. 322; 2 Barbour's Ch. 128; Adams' Equity, 769.

The setting aside of void judgments, when the enforcement of such judgments is the matter of the original bill, is a proper

subject of a cross-bill: Jones v. Smith, 14 Ill. 229; Hurd v. Case, 32 Ill. 45.

The fact that there may be a remedy at law, does not oust equity of its jurisdiction: Jones v. Smith, 14 Ill. 229; Babcock v. McCamant, 53 Ill. 215; Robins v. Swain, 68 Ill. 197.

Mr. T. SHELDON and Mr. J. L. HIGH, for appellee; that a cross-bill must be germane to the matters in the original bill, cited Story's Eq. § 389; 2 Daniell's Ch. 1548; Mitford's Eq. 178; Shields v. Barrow, 17 How. 130; Ayres v. Carver, 17 How. 591; Cross v. DeValle, 1 Wall. 14.

A cross-bill is unnecessary, since the rights of appellants could be fully protected under their answers: Morgan v. Smith, 11 Ill. 194; Wing v. Goodman, 75 Ill. 159; Bogle v. Bogle, 2 Allen, 158; Bullock v. Brown, 20 Geo. 473; Weed v. Small, 3 Sandf. Ch. 273; Braman v. Wilkinson, 3 Barb. 151; 2 Daniell's Ch. 1551.

In the absence of a cross-bill, a complainant has absolute control over his bill at any time prior to decree, and may dismiss at his pleasure: Mohler v. Wiltberger, 74 Ill. 163; Hedges v. Mace, 72 Ill. 472.

The allowance of an appeal does not suspend proceedings until it is finally consummated: Branigan v. Rose, 3 Gilm. 123; Simpson v. Alexander, 5 Gilm. 260.

BAILEY, J. This record brings before us two appeals, each perfected by the filing of an appeal bond—one from the order of the court below dismissing the cross-bills, and the other from the order dismissing the original bill. The first of these appeals can be sustained only upon the theory that the order dismissing the cross-bills is in the nature of a final order, from which an appeal to this court properly lies. As the case stands, however, we do not feel called upon to determine whether such order is final or merely interlocutory, since, if it is to be treated as an interlocutory order, the appeal from the order dismissing the original bill brings before us the entire record, and enables the appellants to assign for error the decisions of the court below in relation to the cross-bills.

The first error assigned, and the one which, in our opinion, involves the entire merits of the appeal, calls in question the decision of the court below sustaining the demurrers to the cross-bills.

It is a familiar principle of equity jurisprudence that, wherever it is necessary to bring all the rights of all the parties fully before the court, so that complete equity may be done, as well in favor of the defendants as of the complainant, resort must be had to a cross-bill. Where the defendants rely on their answer alone, they can only use the equity of their case for the purposes of defense; but if they wish to become the assailants, and seek affirmative relief, they must file their cross-bill, and in that way, and in that alone, are they permitted to use their equity as a weapon of attack. Hence, it is a rule, subject to very few exceptions, that a defendant in chancery, to entitle himself to affirmative relief, must seek it by cross-bill, and that none can be given upon answer alone, except so far as a refusal of relief to the complainant amounts to it. These principles are so elementary as to require no citation of authorities.

It is insisted by the counsel for the appellee, that the appellants, by their cross-bill, failed to show themselves to be entitled to any relief beyond what they would obtain by a decree dismissing the original bill for want of equity. That is what they must be understood to mean when they say that the rights of appellants could have been fully protected by their answers. In considering this objection, let us first look at the case made by Mrs. Follansbee. By the original bill, the Mortgage Company, claiming to be a judgment creditor of Mr. Follansbee, sought to subject to the payment of its judgments, certain real estate which, before said judgments were recovered, had been conveyed to Mrs. Follansbee by her husband, the judgment debtor. The bill sought to reach this property on the allegation that the conveyance was fraudulent and void as to the creditors of Mr. Follansbee. The cross-bill denied the fraud, and alleged that the property was conveyed to Mrs. Follansbee by way of mortgage, to secure the payment of a *bona fide* indebtedness due to her from her husband,

amounting to something over $200,000; that in a suit in chancery against her husband, instituted by her before the recovery of said judgments, an accounting had been had and the amount of said indebtedness ascertained, her title to said property as mortgagee established, and a decree entered for the foreclosure and sale of the mortgaged premises. It was further alleged that the Mortgage Company holds, as security for the payment of the promissory notes upon which said judgments were recovered, a deed of trust upon certain real estate in Chicago, otherwise unincumbered, worth much more than the amount of said notes.

Doubtless a decree dismissing the original bill for want of equity would have been a bar to any further attempt on the part of the complainant to attack Mrs. Follansbee's title on the ground of fraud, and would, perhaps, have established, inferentially, the priority of her lien over that of the Mortgage Company. But the Company's lien upon Follansbee's equity of redemption would still have subsisted, unaffected by the decree. That lien would have remained susceptible of enforcement at law by sale on execution, and would have entitled the holder of it to redeem from the mortgage until barred by the Statute of Limitations, or otherwise foreclosed. Mrs. Follansbee, as the holder of the paramount lien, had an equitable right to have this equity of redemption extinguished by foreclosure. This was a matter of affirmative relief which she could not have obtained by answer.

But it is insisted that the demurrer to the cross-bill was properly sustained, because this relief was not germane to the original bill. It is undoubtedly the rule that a cross-bill cannot bring into the case foreign matters, but must relate exclusively to the same subject-matter as the original bill. In the language of the text-books, it must be brought "touching the matters in question in the original bill." But it would be much too narrow an application of the rule to hold that it must be confined to the precise equitable rights sought to be litigated by the original bill. Indeed, in most cases, it is because the defendants have other equities touching the subject-matter of the litigation not disclosed by the original bill, that a cross-

bill becomes necessary. Accordingly, it is held, that while the allegations of the cross-bill must relate to the subject-matter in controversy in the original bill, they are not restricted to the issues in the original cause. Nelson v. Dunn, 15 Ala. 501. Thus a cross-bill may be maintained for the purpose of obtaining an equitable set-off. Cartwright v. Clark, 4 Metc. 104; Derby v. Gage, 38 Ill. 27. Or to establish an agreement or conveyance which the original bill seeks to set aside. Carnochan v. Christie, 11 Wheat. 446. Or to compel the surrender or cancellation of a contract which the original bill seeks to specifically enforce. Cross v. De Valle, 1 Wall. 5. In May v. Armstrong, 3 J. J. Marsh. 260, it is said: "If a bill is for a certain purpose, the defendant in the bill cannot, by any cross-bill, bring into litigation in that suit all causes of action which he may have against the complainant, unless there exist some special circumstances, such as insolvency, non-residence, etc., which would render it necessary in order to avoid irreparable injury. Thus, if a bill be filed for specific execution of a contract for land, the defendant cannot, by way of cross-bill, bring into litigation a fraud practiced on him by the complainant in swapping horses, or a debt due by the complainant, unconnected with the contract concerning the land sought to be enforced. The cross-bill must relate exclusively to the subject-matter of the bill, and things connected therewith, and foreign matter cannot be introduced, unless under special circumstances." Josey v. Rogers, 13 Ga. 478; Hornor v. Hanks, 22 Ark. 572. In Fletcher v. Wilson, 1 Smedes & Marsh. Ch. 376, the court, in illustrating the rule that a party cannot, by cross-bill, introduce other and distinct subjects of litigation, say: "A defendant cannot, by a cross-bill, bring into litigation with the complainant other property than that referred to in the original bill, about which they have some conflicting claims."

In this case, the subject-matter of the litigation, so far as Mrs. Follansbee is concerned, is the property which she claims to hold under the conveyances from her husband, and which the complainant is seeking to obtain by means of its judgments. A full and complete determination of the respective rights of

these parties to said property is manifestly germane to the bill. The complainant having attacked and sought to overthrow Mrs. Follansbee's title, it is no departure from the case thus made, for her, in turn, to ask to have her title ascertained and declared.   By seeking to enforce the lien of its judgments as a first lien, the complainant clearly placed it within her power, by cross-bill, to have such lien declared subordinate to hers, and to seek a final adjustment of her rights by having the junior lien foreclosed.    Although a decree in her favor upon the original bill would, as we have said, have determined her priority inferentially, she was not bound to allow her equities to rest upon mere inference, but had a right to a decree establishing them affirmatively and in terms.   We have no hesitation, then, in holding that the demurrer to Mrs. Follansbee's cross-bill should have been overruled.

The original bill, so far as it related to Mr. Follansbee, sought to enforce against his property certain judgments entered against him by confession.   His cross-bill alleged that said judgments were obtained without jurisdiction of his person in the court in which they were rendered.   By way of showing want of jurisdiction, it was alleged, in substance, that the original warrants of attorney were not filed nor their execution proved, but that certain papers purporting to be copies of notes and warrants of attorney were filed, with affidavits as to their execution thereto attached, but that said affidavits were so worded as to apply only to said copies, and not to any originals. It is further alleged that the precise circumstances of the rendition of said judgments were in each case preserved by bill of exceptions and made part of the record.   It may be observed that two of these judgments have, since the filing of said cross-bill, been brought to this court by writ of error, and by us held to have been without jurisdiction and void.    Follansbee v. Scottish-American Mortgage Co. 5 Bradwell, 17; Same v. Same, Id. 25.   The cross-bill prayed that said judgments be declared void and vacated.

The relief here sought was certainly germane to the original bill.    The defendant sought the vacation of the very judgments which the complainant was attempting to enforce.   The case is

closely analogous to those above mentioned, where cross-bills have been sustained when filed to compel the surrender and cancellation of contracts which the original bill was seeking to specifically to enforce.

It is urged, however, that as Follansbee had a complete remedy at law by appeal or writ of error, he should be left to pursue his remedy in that forum, and that in this collateral proceeding equity cannot take jurisdiction and vacate the judgments.

It is a well established principle that a judgment rendered without jurisdiction is void, and may be attacked collaterally in any proceeding in which its validity may be called in question. This principle is in no way affected by the fact that the defendant has a right to have such void judgment reversed on appeal or error. It is clearly within the jurisdiction of courts of equity to vacate or enjoin judgments at law, which, by reason or fraud, want of jurisdiction in the court before which it was rendered, or any other circumstance, it would be inequitable and against conscience to have enforced. We are of opinion, then, that the court erred in sustaining the demurrer to the cross-bill of Mr. Follansbee.

For the errors above pointed out, the decree must be reversed and the cause remanded for further proceedings. By statute, no complainant is allowed to dismiss his bill, after a cross-bill has been filed, without the consent of the defendant. The reversal of the decree for the errors above mentioned must remit the parties to the same condition in which they were when said errors were committed. Had the court below overruled the demurrers, as we think he should have done, the complainant would have had no right to dismiss its bill. It is our duty to see to it, wherever practicable, that no advantage is taken of an erroneous decree, and that the parties be reinstated in all the rights they would have had if the error had not been committed. The order dismissing the original bill will be set aside, and an order entered overruling the demurrers to both of the cross-bills, and further proceedings may be taken not inconsistent with this opinion.

Decree reversed.