## Lewis E. Dickinson v. Karl Hoffman and Anton Bachmann.

1. JUSTICES OF THE PEACE—*Where Justice is Absent at Hour Set in Summons for Defendant to Appear.*—A defendant who has been served with summons to appear before a justice of the peace at a certain hour need not wait more than an hour after the appointed time for an absent justice to appear.    He is justified in leaving, and in relying upon the suit against him being discontinued.

2. SAME—*Delay in Opening Court for More than Two Hours Amounts to a Discontinuance.*—The delay on the part of the justice to open his court for more than two hours after the time appointed in the summons, and his subsequent adjournment of the cause, amounts to a discontinuance of the suit.

3. EQUITY JURISDICTION—*The Remedy. Where a Judgment is Void.*—Where a judgment against a defendant is void, a case for equity jurisdiction is made, and the remedy is by a bill in chancery and not by certiorari.

**Bill in Chancery,** to enjoin the collection of a judgment. Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed June 19, 1900.

LEWIS EDWARD DICKINSON, appellant, *pro se.*

JULIUS H. GEWEKE, attorney for appellees.

MR. JUSTICE SHEPARD delivered the opinion of the court.

This was a bill in chancery filed by appellees to perpetually enjoin the collection of a judgment rendered against them by a justice of the peace. A general demurrer to the bill was overruled, and appellant electing to stand by the demurrer, proofs were heard by the court, and a decree was entered perpetually enjoining the appellant from all proceedings under said judgment, and this appeal has followed.

The case presented by the bill is in substance, that the appellee Hoffman (one of the complainants in the bill) was duly served with a summons to appear before the justice

of the peace at three o'clock in the afternoon of October 18, 1898, to answer unto one Kruetzberg upon a certain claim; that to such claim Hoffman had a full defense, setting forth the same; that on the day and at the hour named he, together with his attorney, appeared at the office of the justice ready for trial, and that they remained there continuously, ready for trial, until fifteen minutes after four o'clock; that at no time while they so waited, ready for trial, was the justice present nor did he in any manner appear; that during a part of the said time, the attorney for the plaintiff in said suit, but not the plaintiff himself, was present in the justice's office and twice requested Hoffman to consent to a continuance of the suit, which he refused, on each occasion, to do; that at fifteen minutes after four o'clock he, Hoffman, and his attorney, left the justice's office, the justice still remaining absent therefrom, and that he believes the justice remained absent from his office ever thereafter on that day. According to the bill, Hoffman never afterward heard anything more about the suit or claim, until the levy of a writ of execution, on November 28, 1898, issued upon a judgment rendered in said suit. It was found by the decree that the judgment complained of was rendered by the justice on October 20, 1898.

The bill is not in artistic form, but the general demurrer strikes at its substance and not its form.

The plain inference from the decision in First National Bank v. Beresford, 78 Ill. 391, is that a defendant who has been served with summons to appear before a justice of the peace at a certain hour need not wait in the justice's office more than an hour after the appointed time for an absent justice to appear. Here the defendant waited in the justice's office an hour and a quarter after the hour at which he was summoned to appear, and the justice being absent during all of that time, the defendant was justified in leaving, and in relying upon the suit against him being discontinued. We have not, in thus concluding, given any weight, one way or the other, to the allegation in the bill that the justice's clerk was in the office while defendant waited there,

and informed the defendant that the justice would not return, for it is held in the case above cited, that a justice's clerk is not an officer known to the law, and information obtained from him may not be acted upon except at the peril of the party relying upon it.

The opinion of the court in McCarty v. McPherson, 11 Johnson, 407, is as follows:

"The delay on the part of the justice to open his court for more than two hours after the time appointed in the summons, and his subsequent adjournment of the cause, amounted to a discontinuance of the suit."

In that case the summons was returnable at two o'clock and the justice did not appear until half past four. He then inquired if the defendant had been there, and being informed that he had not, the justice adjourned the cause to another day, when the cause was heard on the part of the plaintiff only.

In Wiest v. Critsinger, 4 Johnson, 117, the parties appeared on the day and at the placed named in the summons and waited "some time," and the justice not appearing they went away. The justice sent an unsigned note to the house where the summons was made returnable, adjourning the court to a subsequent day. On the adjourned day the justice and the plaintiff attended at the house, and, the defendant not appearing, the cause was heard *ex parte*, and judgment given in favor of the plaintiff. Upon review, the proceedings at the adjourned time were held to be null, and the judgment was reversed.

In the case at bar, the suit being discontinued, there remained no jurisdiction over the person of Hoffman, and the subsequent judgment against him was void. The judgment being void, a case for equity jurisdiction was made, and the contention that appellant's remedy was by certiorari and not by bill in chancery, fails. Nelson v. Rockwell, 14 Ill. 375; Propst v. Meadows, 13 Ill. 157; Robins v. Swain, 68 Ill. 197; Follansbee v. Scottish Am. Mortg. Co., 7 Ill. App. 486; Collins v. Kinnare, 89 Ill. App. 236.

The judgment being void, and not merely irregular, the

suggestions of counsel based upon other theories do not need to be discussed by us.

The order is that the decree of the Superior Court be affirmed.