## Lewis Brin v. James J. Topp.

### Gen. No. 12,983.

1. COLLECTION OF JUDGMENT—*what bill to enjoin, should contain.* A bill to enjoin the collection of a judgment at law should offer to do equity and pay the amount of any claim which might be established.

2. COLLECTION OF JUDGMENT—*when absence of offer to do equity waived.* The absence of an offer to do equity is waived by a failure to demur.

3. CONTINUANCE—*when justice without jurisdiction to enter.* Where a justice is not present for more than two hours after a cause is set for hearing, he is without jurisdiction subsequently to enter an order of continuance, and all jurisdiction over the case is lost.

4. CERTIORARI—*when remedy by, does not preclude resort to equity.* Notwithstanding the existence of the remedy by *certiorari*, a party may seek relief in equity where the element of fraud is present in the entry of the judgment against which relief is sought

Bill for injunction. Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the March term, 1906. Affirmed. Opinion filed February 7, 1907.

NEWTON WYETH, RICHARD J. COONEY and THOMAS E. SWANSON, for appellant.

BEAUREGARD F. MOSELEY, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is an appeal from an order of the Circuit Court making perpetual an injunction theretofore granted on bill filed enjoining appellant from enforcing the collection of a judgment alleged to have been entered by a justice of the peace of Cook county without jurisdiction, and obtained by fraud. The facts upon which the decree is grounded are substantially as follows: Appellant sued out of the office of one Isaac Hartman, a justice of the peace whose place of holding court was at Phoenix, near the southern limits of Cook county, a writ of replevin returnable before said justice at his office in Phoenix on May 16, 1904, at the hour of three o'clock in the afternoon. The constable, failing to recover the property on the writ, served the same on appellee, as appears by his return on the replevin writ. In this situation, by force of the statute, chapter 119 R. S., title "Replevin," the action becomes one of trover for the value of the goods alleged to have been wrongfully detained. Nelson v. Bowen, 15 Ill. App. 477.

Appellee Topp, in response to the writ, appeared at the office of the justice half an hour before the time appointed in the writ, viz., three o'clock, and there remained until five o'clock of the same afternoon. During all of this two and one-half hours Justice Hartman did not appear at his office or court room in Phoenix, and the case was not called for hearing during that time. Neither did any other justice, or any

one else, appear in behalf of Justice Hartman during that two and one-half hours. At the expiration of this time appellee left the Hartman court room and returned to Chicago, his place of residence and business. No further notice of this suit was given appellee, and he at no time thereafter returned to the justice's office. It appears that the justice, without notice to, or the knowledge of, appellee, on May 26, 1904, entered a judgment against appellee for the claimed value of the goods and chattels mentioned in the replevin writ, amounting to $125, together with costs taxed by the justice at $6.50. Execution was issued upon this judgment and was about to be levied upon property of appellee at the time the bill was filed.

The main and controlling contention is that the judgment entered by the justice was without jurisdiction and is void.

The evidence, we think, fully sustains appellee's claim that he was not indebted to appellant at the time the writ of replevin was sued out, and that he did not have in his possession the property described in the replevin writ. While it would have been more in consonance with equity pleading for the complainant to have offered by his bill to do equity and pay the amount of any claim which defendant might establish against him in that proceeding, still the objection not having been availed of by demurrer is waived.

It clearly appears, both from the averments of the bill and the evidence, that the judgment complained of was entered by the fraud and conspiracy of the justice and the appellant, for whatever may be contended as to agreements between attorneys to a postponement of the suit, it can have no effect upon the rights of the parties here. It stands abundantly proven that the justice was not in his office at the time of the return of the writ, or for two hours thereafter, and that whatever he did in the way of continuing the case was at a time when none of the parties

were present, and after he had lost jurisdiction of the case, and the judgment entered ten days thereafter was likewise without jurisdiction and consequently void.

The agreement of the attorneys, if any such existed, could not be of binding force upon appellee, for justices of the peace deal with parties upon whom its process operates, not attorneys, for as attorneys they are unknown in courts of justices of the peace in this state.

Notwithstanding the judgment may be void, appellant asserts, with seeming confidence, that equity is not the proper forum for relief where the opportunity of appeal or *certiorari* was open, as it was to appellee here, and cites cases in seeming support of this contention. But the case at bar does not fall within the lines of the reasons upon which the decisions cited are grounded, and are therefore inapplicable. Where the element of fraud is present the aggrieved party may choose his forum for relief, and may either seek that relief by appeal, *certiorari,* or by a bill in equity for an injunction, as in the case at bar.

Follansbee v. Scot. Am. Mortgage Co., 7 Ill. App. 486, and kindred cases are of controlling force here, and clearly define the distinctions in the cases which it is insisted here are conflicting.

In Follansbee v. Scot. Am. Mort. Co., *supra,* it was urged that the complainant had a complete remedy at law by appeal or writ of error, which remedies he should be left to pursue, and that equity would not take jurisdiction and vacate the judgments in a collateral proceedings; but the court met this insistence by holding that "it is a well established principle that a judgment rendered without jurisdiction is void and may be attacked collaterally in any proceeding in which its validity may be called in question. This principle is in no way affected by the fact that the defendant has a right to have such void judgment

reversed on appeal or error. It is clearly within the
jurisdiction of courts of equity to vacate or enjoin
judgments at law, which by reason of fraud, want of
jurisdiction in the court before which it was ren-
dered, or any other circumstance, it would have been
inequitable and against conscience to have enforced.''
The court reversed the order of the trial court sus-
taining a demurrer to the bill seeking the identical re-
lief prayed here.

As early as 1853 it was held in Nelson v. Rockwell,
14 Ill. 375, that fraud is one of the broadest grounds
of equity jurisdiction, and that a court of equity would
grant relief against a judgment at law obtained by
fraud, although an adequate remedy existed at law;
that an abortive attempt to invoke these common law
remedies would not deprive a court of equity of the
power to grant relief; and announced the doctrine in
positive terms that equity would afford relief against
both a void and a voidable judgment.

Dickinson v. Hoffman, 90 Ill. App. 83, is decisive of
this case, and its reasoning and analogy are forceful
in their application here. This court there held that
a court of equity was the forum vested with jurisdic-
tion to enjoin a void judgment, and that a justice of
the peace failing to call a case for trial until two hours
after the time named in the summons is thereby shorn
of jurisdiction to proceed further in the cause, and
that such failure to call the case in time operated as
a discontinuance, and that a defendant appearing was
justified in leaving the court and in paying no further
attention to the case after the expiration of the hour
named in the summons.

We hold under the facts in this record that the
judgment obtained by appellant against appellee, May
26, 1904, for $125 and costs of suit, before Justice
Hartman, was obtained by fraud; that the justice not
having called the case for trial more than two hours
after the hour named in the writ for the trial operated
to discontinue the action and to deprive the justice of

jurisdiction to further consider the cause or to proceed further therein; that the judgment entered May 26, 1904, was without jurisdiction and void.

The decree of the Circuit Court is affirmed.

*Affirmed.*