WILLIAM W. LOW, Plaintiff in Error, *v.* PETER FORBES, Defendant in Error.

ERROR TO STARK.

, Where a purchaser of corn, agrees to furnish sacks for sacking the same, and the seller agrees to sack and deliver it, should the purchaser fail to furnish the sacks, still the seller will be bound to deliver the corn in bulk, and it is no excuse to the seller for a failure to deliver the corn, that the sacks were not furnished. The case of McKee *v.* Retter, 5 Gilm. 315, is conclusive of this.

THE statement of the case will sufficiently appear in the opinion of the court. The judgment was rendered by KELLOGG, Judge, at the April term, 1852, of the Stark Circuit Court, and the plaintiff below brought the case here by writ of error.

N. H. PURPLE, for plaintiff in error.

O. PETERS, for defendant in error.

CATON, J. The case of McKee *v.* Retter, 5 Gilman, 315, is conclusive of the one now before us. Admit a valid agreement between the parties that Low was to furnish the sack in which Forbes was to put the corn, and it certainly makes no stronger case than the one above referred to. There Retter agreed to deliver to McKee a quantity of wheat at a certain place, put up in sacks which were to be furnished by the purchaser, McKee. And this court held that the seller was bound to deliver the wheat in bulk, if the buyer did not furnish the sacks, and that the only effect of the non-delivery of the sacks, was to excuse the seller from sacking the wheat as he had agreed. So here, admitting that Low had agreed to furnish the sacks, that would not excuse Forbes from delivering the corn at the place agreed upon, although it would excuse him from sacking it. It was for the benefit of Low that the corn should be sacked, and if he neglected to furnish the sacks, it was no reason why he might not have it in bulk. If Low chose to receive the corn in that condition, either in Fenn's warehouse, or on the river bank, it concerned him alone, and not the defendant. Suppose Low had paid the whole purchase-money agreed upon for this corn, instead of the part of it which he had paid, shall it be said that the defendant may keep both the money and the corn, because Low neglected to furnish the sacks to put it in ? And yet such would be the case, if this verdict is sustained, for he was not

even allowed to recover the money which he had paid on the contract.

The instruction which was refused was, that admitting that Low had agreed to furnish the sacks in which the corn was to be put, his neglecting to do so would not excuse the defendant from delivering the corn. This instruction should have been given. Suppose the defendant had tendered the corn in bulk, can a doubt be entertained that he might have recovered the full contract price for the corn? Had corn fallen in the market instead of rising as it did, there can be little doubt that the corn would have been delivered, although the sacks were not furnished, and we should probably have never heard of this controversy, or if we had, the parties would have changed positions.

The court erred in refusing the instruction asked, and the judgment must be reversed, and the cause remanded.

*Judgment reversed.*