WILLIAM H. STOW, Plaintiff in Error, *v.* JOHN YARWOOD et al., Defendants in Error.

ERROR TO COOK CIRCUIT COURT.

Mutual demands, arising out of the same subject-matter, and capable of being balanced against each other, may be adjusted in one action, by *recoupment.*

It is not necessary that the opposing claims should be of the same character. A claim originating in contract, may be set up against one founded in *tort,* if the counter claims arise out of the same subject-matter, and are susceptible of adjustment in one action.

The defendant in such case cannot, as in set-off, recover any excess in his favor. His claim is used in mitigation of damages only.

THE agreed case presented to the court shows, that sometime in the year 1840, the defendants here were copartners in carrying on a contract upon the Illinois and Michigan Canal, and that wishing to purchase an engine of twenty horse-power then belonging to one Allen, but which was in the possession of Stow, before purchasing they went to Stow, and inquired if he had any claims against it ; he replied that he had not.

The defendants then purchased of Allen, and entered into contract with defendant, who at that time carried on a foundry in Chicago, to repair and put up said engine, and that repairs were afterwards made on the engine, amounting in value to the sum of five hundred dollars or thereabouts, but that the

contract with regard to said repairs was never completed by Stow in pursuance of his contract, but that he always retained portions of the engine in his possession, which he converted to his own use.

That Stow also took from the premises of the defendants certain other portions of the engine, whereupon they sued out a writ of replevin, upon which they obtained judgment, and recovered other parts of the engine.

It appeared that Stow had expended a considerable amount in repairing the engine.

The judge in the court below refused to instruct the jury, that if they believed from the evidence that the plaintiffs owed the defendant for repairing the boilers and engine in question, before and at the time suit was brought, then they may set-off or *recoup* the amount of such repairs against an equal amount of damages which is proven, but before they can lawfully find any damages against the defendant, they must be satisfied from the evidence that the plaintiff had the right of possession of said property at the time the suit was brought. That if they believed from the evidence, that the plaintiffs were indebted to the defendant for repairing the engine in question when suit was brought, they ought to deduct the amount of such indebtedness from such damages, as they may believe from the evidence justly claimed against him, if any. And that if the jury believe from the evidence that the value of the articles converted to the use of the defendant, at the time of the conversion, was less than the amount of the defendant's claim upon the plaintiffs, for repairs done to the plaintiffs' machinery, they must find for the defendant.

The plaintiffs recovered a verdict for $725.00, and judgment was rendered accordingly. The defendant in the court below excepted, and the case was brought to this court upon an agreed case.

The cause was tried before H. T. DICKEY, Judge, at the December term of the Cook Circuit Court.

A. W. WINDETT, for plaintiff in error.

T. HOYNE, for defendants in error.

TREAT, C. J. This was an action of trover: the plea was the general issue. The evidence showed that the defendant converted to his own use certain property belonging to the plaintiffs, upon which he had previously done work at their instance. If he ever had a lien on account of the work, it was

36 *

waived before the conversion. The court directed the jury not to take into consideration the claim for work done upon the property; and the propriety of that ruling is the only question in the case. It is clear that the demand was not admissible as a set-off. It arose upon a contract, and the action was founded upon a *tort.* Unless it was admissible in mitigation of damages, it must be the subject-matter of a separate action. It is insisted that the doctrine of *recoupment* is applicable to the case. A reference to the authorities will settle the question. " If a man disseize me of land out of which a rent-charge is issuant, which has been in arrear for several years, and the disseizor pay it, if the disseizee recover in an assize, the rent that the disseizor paid shall be *recouped* in damages." Dyer, 2, 6. If a man having rent issuing out of land disseizes the tenant, in an assize brought by the latter, the disseizor may *recoup* the rent in damages. So if the disseizor repairs the house, or sows the land, the same shall be *recouped* in damages. 8 Viner's Abridgment, 556 – 7. If a stranger converts the goods of an intestate, and is sued in trover for the goods by the administrator, he may show in mitigation of damages, that he has applied the proceeds to the payment of the debts of the intestate. Pudget *v.* Priest, 2 Durnford & East, 97. If goods are pledged to secure the payment of a debt, and the pledgee converts them to his own use, he may *recoup* the amount of his debt in an action brought against him for the conversion of the goods. Jarvis *v.* Rodgers, 15 Massachusetts, 389; Stearns *v.* Marsh, 4 Denio, 227; Fowler *v.* Gilman, 13 Metcalf, 267; Story on Bailments, §§ 315, 349. In trover for goods, the defendant may *recoup* the amount of the lien thereon for freight, or for work done. Saltus *v.* Everett, 20 Wendell, 267; Green *v.* Farmer, Burrow, 2214; Dresser Manufacturing Co. *v.* Waterston, 3 Metcalf, 9. If an officer seizes property without legal authority, and applies the proceeds towards the satisfaction of an execution against the owner, he may *recoup* the amount thus applied in an action of trover or trespass for the goods. Prescott *v.* Wright, 6 Massachusetts, 20; Pierce *v.* Benjamin, 14 Pickering, 356; Board *v.* Head, 3 Dana, 489; Curtis *v.* Ward, 20 Connecticut, 204.

The principle plainly deducible from the adjudged cases is, that mutual demands arising out of the same subject-matter, and capable of being balanced against each other, may be adjusted in one action. One demand is considered as reduced or liquidated by the other; and the surplus is regarded as the real cause of action. The defendant's claim is deducted from that of the plaintiff; and the latter recovers the excess only. The

Stow *v.* Yarwood et al.

defendant is not allowed to recover any balance. He uses his claim in mitigation of damages only. He may *recoup* to the extent of the plaintiff's damages; but he cannot, as in the case of a set-off, recover any excess in his favor. In another respect, this kind of defence is unlike that of a set-off. The cross demand must proceed from the same subject-matter as the plaintiff's right of action. This doctrine of *recoupment* tends to promote justice, and prevent needless litigation. It avoids circuity of action, and multiplicity of suits. It adjusts by one action adverse claims growing out of the same subject-matter. Such claims can generally be much better settled in one proceeding, than in several. It is not necessary that the opposing claims should be of the same character. A claim originating in contract, may be set up against one founded in *tort*. This is abundantly established by the cases cited. Those actions were in form *ex delicto*, while the claims allowed in defence arose *ex contractu*. It is sufficient that the counter claims arise out of the same subject-matter, and that they are susceptible of adjustment in one action.

In this case, each party had a cause of action against the other. The plaintiffs had a right to recover from the defendant the value of the goods converted; and the defendant had a demand against the plaintiffs for labor performed on the same goods. The two claims arose out of one and the same subject-matter; and they may properly be investigated and adjusted in this action. The jury have only to ascertain the value of the goods converted, and of the work done upon them, and then deduct the amount of the latter from the former, and find a verdict in favor of the plaintiffs for the residue. In this way, the claims of both parties may be fully adjusted, and any further litigation rendered unnecessary. We think the defendant had a right to *recoup* the amount of his debt, and that the court erred in instructing the jury differently.

The judgment must be reversed, and the cause remanded.

*Judgment reversed.*