DAVIS BRIGHAM *et al.*, Plaintiffs in Error, *v*. JOHN HAWLEY, Defendant in Error.

### ERROR TO MARION.

Mutual demands arising out of the same subject matter, although one arises *ex contractu*, and the other *ex delicto*, capable of being balanced against each other, may be adjusted in one action.

Where work is done under a special contract fixing the price to be paid, the contract will control the price, whether it be reasonable or not. The contract must govern where it can be made to apply.

THE declaration in this case embraced three special counts on the contract, and the general counts for work and labor, and *quantum meruit*. The special counts averred that Hawley was to quarry stone for wages, after the rate of eighty cents per yard; that he excavated, grubbed and stripped the earth, preparatory to quarrying, &c., and one of the counts stated the contract at length. The defendants below pleaded the general issue, with a notice that they should prove that Hawley had been overpaid; and that a large quantity of quarrying tools had been delivered to Hawley, which he was to re-deliver when he discontinued work, which he had refused to do; and claiming damage therefor, which was specified in a bill of particulars.

The cause was heard before BAUGH, Judge, and a jury, at September term, 1854, of the Marion Circuit Court; verdict and judgment for plaintiff below, for $370.60 and costs. Motions for a new trial and in arrest of judgment were overruled. The defendants below brought the cause to this court by writ of error.

J. N. HAYNIE AND A. J. GALLAGHER, for Plaintiffs in Error.

R. S. NELSON AND HOUTS AND HAMILTON, for Defendant in Error.

CATON, J.   This action was brought for the work and labor of opening a stone quarry, and for quarrying stone.   It appears that a contract was made between the parties, that the plaintiff should quarry stone for the defendants, without specifying the quantity, for which he should receive a stipulated price per yard, the defendants to furnish tools, which were to be kept in order by the plaintiff, who was also to load the stone on to the defendants' wagons.   After the plaintiff had opened the quarry and had got out a considerable amount of stone, the defendants dismissed him and took possession of the quarry themselves, alleging as a reason, that the plaintiff was not getting out the stone fast enough for their purposes.   Some complaint is also made that the plaintiff did not load the stone when required.

Upon the trial it appeared that the plaintiff, when he quit the work, took away the defendants' tools and secreted them, and that they were not found for ten or twelve days.   "The defendants then offered to prove damages sustained by the defendants, in hunting up tools after they were taken away, and the amount of money they were compelled to pay out to hands in their employ, and who were left idle on account of said tools having been taken away, for which said defendants had an account filed, but the court excluded said evidence and defendants excepted." In this we think the court erred.   This doctrine of recoupment was examined and settled in the case of *Stow* v. *Yarwood,* 14 Ill. 424.   This court there said, " The principle plainly deduceable from the adjudged cases is, that mutual demands arising out of the same subject matter, and capable of being balanced against each other, may be adjusted in one action."   And this principle is applicable, although one demand arises *ex contractu,* and the other *ex delicto.*   In that case the action was trover for wrongfully taking and converting a steam engine, and the defendant was allowed to recoup the amount of work which he had done for the plaintiff in repairing the engine.   So, in principle, is this case.   The plaintiff's demand arises *ex contractu* and the damages, which the defendants seek to recoup, arise from the wrongful act of the plaintiff in taking away and secreting the tools.   But those tools were a subject matter of the contract out of which the plaintiff's demand arose.   Under that contract he was entitled to the use of the tools while doing the work, and by virtue of the contract he had possession of them.   When he ceased to use them for the purpose stipulated, it was his duty to return them to the defendants.   This duty he violated, and the defendants are entitled to reduce the amount of his demand against them, growing out of the contract, by the amount of whatever damages they have sustained by reason of that wrongful act of the plaintiff.   Had the two demands not been thus

connected together, as growing out of the same transactions, the rule would have been different. · We think the court erred in excluding this evidence.

We also think the court erred in giving the fourth instruction for the plaintiff. That instruction was as follows: " That, even although the plaintiff failed to comply with the contract on his part, still defendants are bound to pay plaintiff for all the work done by him which was received by, defendants, or appropriated to their use, at a reasonable price, or what it was reasonably worth." Where work is done under a special contract fixing the price, that must constitute the measure of compensation, whenever the party is entitled to recover at all, for the work done. Whether the price agreed upon be greater or less than the real value of the work, makes no difference; the contract must govern, wherever it can be made to apply. What the work was reasonably worth, or whether the price agreed upon be reasonable or unreasonable, have nothing to do with such a case, and are entirely immaterial and irrelevant. This instruction, therefore, which permitted the jury to allow the plaintiff what his work was reasonably worth; irrespective of the contract price, was improper as to the work, the price of which was fixed by the contract, and should not have been given to the jury.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*