RODOLPHUS K. TURNER

*v.*

JOSEPH B. RETTER.

1. COMMERCIAL PAPER—*measure of damages for conversion of.* In trover, for the value of a note indorsed to the defendant for collection, the measure of damages is the value of the note, and not necessarily the amount due upon its face.

2. SAME—*recoupment.* The defendant in trover for a note enclosed for collection, may recoup his services and expenses in collecting.

3. PLEADING—*recoupment under general issue in trover.* Under the general issue in trover, defendant may recoup a claim against the plaintiff growing out of the subject matter constituting plaintiff's cause of action.

APPEAL from the Circuit Court of Morgan county; the Hon. CHARLES D. HODGES, Judge, presiding.

Messrs. McCLURE & STRYKER, for the appellant.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of trover, brought by Retter against Turner, for the alleged wrongful conversion of a promissory note, executed to the former by one R. H. Whiting, for $275, dated September 9, 1859, payable twelve months after date, which Turner had received from Retter, to be collected and accounted for to him, or returned. Turner had compromised with Whiting, receiving from him $150 for the note, and had given up the note to him.

Verdict and judgment for the plaintiff for $275.

The court below, in the fourth instruction given for the plaintiff, laid down the following as the measure of damages, viz.:

" The measure of damages is the sum specified in the note, with six per cent interest per annum on the same, from the maturity of said note."

Had there been no evidence to reduce the value of the note, the instruction would have been correct. But there was evidence in the case tending to show the insolvency of Whiting; that there had been an unsuccessful attempt by suit to collect the note, and that Whiting had set up the defense of a failure of consideration in whole or in part, in a suit against him on the note, and in view of the evidence tending to reduce the real value of the note below its face value, we think the correct measure of damages was not given to the jury; that they should have been told that the measure of damages was the value of the note at the time of its conversion, with interest, instead of the full amount due upon it according to its tenor and effect.

And we think the following instruction should not have been given :

" That under the pleadings in this case, the defendant can not set up or be allowed any sum claimed in this case for alleged services rendered in the collection or attempted collection of

the note in question. And if the jury find the issue for the plaintiff in the case, the jury are directed not to allow any claim of defendant for said alleged services for collecting said note."

Whatever demand the defendant had in that respect, as it was one growing out of the same subject matter, might be recouped in damages. *Stow* v. *Yarwood et al.* 14 Ill. 424; *Streeter* v. *Streeter,* 43 Ill. 155. And this, under a plea of the general issue in an action of trover. *Babcock* v. *Trice,* 18 Ill. 420.

For error in giving the foregoing instructions, the judgment must be reversed and the cause remanded.

*Judgment reversed.*