## JOHN CUNNEA

### v.

## DANIEL WILLIAMS.

1. PLEADING—OFFICE OF REPLICATION.—It was not competent, except in a plea of confession and avoidance, to do more in the replication than to take issue on the allegations of the pleas as to the date.

2. FACTS, NOT CONCLUSIONS, MUST BE AVERRED.—An averment that there was no rent due or to become due which was a lien upon the crops in question, was not a sufficient averment. It was a question of law, and in order to raise it, facts, not conclusions, must be averred.

3. LANDLORD—RIGHT TO DISTRAIN—NOT WAIVED BY TAKING OTHER SECURITY.—The taking of other security is not a waiver of the landlord's right to distrain for rent. And a landlord may pursue both remedies at the same time.

4. ACTION FOR ILLEGAL DISTRESS—RECOUPMENT OF UNPAID RENT.—It seems, that in an action of trespass by the tenant against his landlord for an illegal distress, the latter may recoup to the extent of rent unpaid, although the rent may not be due.

APPEAL from the Circuit Court of Livingston county; the Hon. OWEN T. REEVES, Judge, presiding. Opinion filed May 31, 1882.

Messrs. Haley & O'Donnell, for appellant; that a demurrer admits the truth of the averments to which it is interposed, cited Deem v. Crume, 46 Ill. 69; The People v. Holden, 82 Ill. 93; Arenz v. Weir, 89 Ill. 25; Nispel v. Laparle, 74 Ill. 306.

The Act of 1877, Rev. Stat., Chap. 80, § 34, relating to the lien of landlords, affected only the remedy, and applies to leases made before the passage of the act: James v. Stull, 9 Barb. 482; Cook v. Gray, 2 Houston, 455; Coxe's Ex'rs. v. Martin, 44 Pa. St. 322; Berthold v. Fox, 13 Minn. 506; Morse v. Gould, 1 Kernan, 281; Stocking v. Hunt, 3 Denio, 276; Conkey v. Hart, 14 N. Y. 22; Van Rensselaer v. Snyder, 3 Kernan, 299; Taylor v. Stockwell, 18 Am. Law Reg. 569; Moore v. Litchford, 35 Tex. 185; Simpson v. City Sav. Bank, 22 Am. Rep. 491; Wooley v. Alexander, 99 Ill. 188; Parmalee v. Lawrence, 48 Ill. 339; Stockton v. Munson, 28 Ill. 51; Dooley v. Stipp, 26 Ill. 86; Stafford v. Vail, 22 Ill. 327; Nichols v. Stewart, 21 Ill. 106; Mathias v. Cook, 31 Ill. 87; Bruce v. Schuyler, 4 Gilm. 276.

Matters in recoupment may be shown under the general issue: Higgins v. Lee, 16 Ill. 495; Babcock v. Trice, 18 Ill. 420.

Indebtedness for rent was proper matter of recoupment: Stow v. Yarwood, 14 Ill. 424; Brigham v. Hawley, 17 Ill. 38; Sanger v. Fincher, 27 Ill. 347; Burroughs v. Clancey, 53 Ill. 30; Streeter v. Streeter, 43 Ill. 155; Pudget v. Priest, 2 Durn. & E. 97; Jarvis v. Rodgers, 15 Mass. 389; Stearns v. Marsh, 4 Denio, 227; Fowler v. Gilman, 13 Met. 267; Story on Bailments, § 345; Salters v. Everett, 20 Wend. 267; Green v. Farner, Burr. 2214; Pierce v. Benjamin, 14 Pick. 356; Board v. Head, 3 Dana, 489; Curtis v. Ward, 20 Met. 204; Camp v. Ganly, 6 Bradwell, 499.

A landlord's lien does not depend upon the levy of a distress warrant; it can be lost only by waiver or failing to enforce it at the proper time: Wetsel v. Mayers, 91 Ill. 497; Thompson v. Mead, 67 Ill. 395.

The lien was not waived by taking a note for the rent: Van Court v. Bushnell, 21 Ill. 626; Cornell v. Lamb, 20 Johns. 405; Bates v. Nellis, 5 Hill, 651.

Messrs. JORDAN & STOUGH, Mr. L. G. PEARRE and Mr. A. W. BULKLEY, for appellee; that a statute operates *in futuro* only, cited Marsh v. Chestnut, 14 Ill. 223; *In re* Fuller, 79 Ill. 107; Hatcher v. T. P. & W. R. R. Co. 62 Ill. 480; Thompson v. Alexander, 11 Ill. 55; Garrett v. Wiggins, 1 Scam. 355; Bruce v. Schuyler, 4 Gilm. 221.

The statute in force at the time of making the contract, enters into and becomes a part of the contract: Van Hoffman v. City of Quincy, 4 Wall. 535; McCracken v. Hayward, 2 How. 508; Green v. Biddle, 8 Wheat. 1; Planter's Bank v. Sharp, 6 How. 301; Bronson v. Kinzie, 1 How. 311; Edwards v. Kearzey, 96 U. S. 595.

The landlord's lien was waived by the taking of a note for the rent: Conover v. Warren, 1 Gilm. 500; Trustees v. Wright, 11 Ill. 605; Richards v. Leaming, 27 Ill. 432; Cowl v. Varnum, 37 Ill. 181; Boynton v. Champlin, 42 Ill. 65; Crockey v. Corey, 48 Ill. 444; Warner v. Scott, 63 Ill. 372; Kirkham v. Boston, 67 Ill. 603; Andrus v. Coleman, 82 Ill. 26; Kinzey v. Thomas, 28 Ill. 504; Gardner v. Hall, 29 Ill. 278.

LACEY, J. This suit was commenced in the Circuit Court of Grundy county on June 19, A. D. 1879, by appellee against appellant and one C. W. Card, in an action of trespass setting the damages at $1,500.

Prior to the trial of the cause, the suit was dismissed as to Card, he being appellant's bailiff in making the distress complained of. On the 2d day of April, A. D. 1881, the venue was changed to the Circuit Court of Livingston county. The trial of the cause took place on the 20th Oct., 1881, being tried by the court, a jury being waived.

The facts in the case as appears from the bill of exceptions are substantially as follows: January 6, 1876, Martin Hynds leased to appellee, Daniel Williams, a farm in Grundy county, for the term of six years, from March 1, 1876, to March 1, 1882, in consideration of the sum of $4,200, to be paid by said Williams in six equal payments of $700 each, the first payment becoming due August 1, 1877, and one each year

thereafter until August 1, 1882, when the last payment became due. A lease was executed by said parties and Daniel Williams, as principal, and Mary Williams, as security, also executed and delivered to said Hynds six promissory notes of $700 each, payable according to the above terms of payment, to said Hynds, or order, and bearing interest after maturity at the rate of ten per cent. per annum. Appellee took possession of said premises under lease, Nov. 3, 1876; Martin Hynds sold said premises to Mary C. Adams, and conveyed the same to her, and at the same time assigned and delivered said notes to her. May 17, 1878, said Mary C. Adams sold and conveyed said premises to appellant, John Cunnea, and at the same time assigned to him said lease assigning all the rents, issues and profits, and indorsed and delivered to him the four of the said notes last falling due. On July 23, 1878, Williams paid the note due August 1st thereafter, by giving to Mrs. Adams, who then held and owned said note, a new note payable December 1, 1878, and secured the same by chattel mortgage upon the growing crop of corn on said premises. November 1, 1878, appellant, as landlord, issued his distress warrant against appellee for the payment of the note due August 1, 1879, which warrant was executed by one C. W. Card, as bailiff, November 5, 1878, by taking possession of all the corn and stalks on the farm. Appellee commenced this action of trespass for the wrongful taking and conversion of said property by appellant.

Upon the hearing the appellant was found guilty, and damages assessed against him in the sum of $500, and judgment rendered thereon, from which an appeal is taken to this court. After the distress warrant was levied and the corn taken into possession of the bailiff, he proceeded to gather it with the assistance of appellee. The corn, after the distress warrant was levied, was kept by appellant until after his rents became due, and then sold by him at thirty-five cents per bushel, it being worth only twenty-six cents per bushel at the time of the levy. There was of the corn 1,705 bushels and 30 pounds. The cost to appellant in gathering and hauling it to market was $193.47.

It is assigned for error on the part of appellant, that the court erred in overruling his demurrer to appellee's replication to appellant's 2d, 3d, 4th, 5th, 7th, 8th and 11th pleas, and carrying the demurrer back and sustaining it to those pleas, and in striking appellant's 9th and 10th amended pleas from the files, and in the court finding contrary to the law and the evidence, and overruling his motion for a new trial. It will be seen by the above statement that the rent was due Aug. 1, 1879, and the distraint was made Nov. 5, 1878, and *prima facie* there was no right to distrain, but the different pleas attempt to justify the taking of the corn under the provisions of Chap. 80, Sec. 34 of the Statute, R. S. 1880, page 676 of the Landlord and Tenant Act, which provides, that if "any tenant, without the consent of the landlord, sell or remove, or permit to be removed or be about to sell and remove, or permit to be removed from the demised premises, such part or portion of the crops raised thereon, as shall endanger the lien of the landlord upon such crops for the rent agreed to be paid, it shall and may be lawful for the landlord to institute proceedings by distress before the rent is due, as is now provided by law in case of the removal of the tenant from the demised premises; and thereafter the proceedings shall be conducted in the same manner as is now provided by law in ordinary cases of distress where the rent is due and unpaid."

This act went into force July 1st, A. D. 1877. Appellee claims in argument that only the 2d, 3d, 4th and 5th pleas aver the demise was made May 17, 1878, after the time the act went into force. Appellee claims as to those pleas, that the replication to them denies that the demise was made May 17, 1878, and denies that there was rent due and in arrear Nov. 1, 1878, or any rent to become due which would become a lien on the crops growing or grown upon the said premises. A second replication to 2d, 3d, 4th, 5th, 7th, 8th and 11th pleas filed, averred that appellant did not demise the premises on the 17th May, 1878, but set up the facts of the lease as above given, and it is claimed that the demurrer to the replication to the 2d, 3d, 4th and 5th pleas, admitted the allegations of

the replication to be true, and hence, there was no statute in force at the time like the one quoted under which the distress was attempted to be justified, and that the statute, if the Legislature intended to apply it to leases made prior to its passage, was unconstitutional and void.

We think this position as to the last mentioned pleas is not tenable, for the reason that it was improper to raise an issue on the date averred in the replication in which was set up a new date.

It was not competent, except in cases of confession and avoidance, to do more in the replication than to take issue on the allegations of the pleas as to the date of the lease; and the averment that there was no rent due, or to become due, which was a lien on the crops in question, was not a sufficient averment. The question as to whether the rent was a lien or not, was one of law, and in order to raise it, facts must be averred instead of conclusions. We think that the pleas were good. The court on the hearing of the demurrer, had no concern as to whether appellant could prove their allegations on the trial. The sustaining of the demurrer to them was error. We deem it unnecessary to pass on the sufficiency of pleas numbered 7, 8 and 11 for the reason that the appellant had the benefit of all the proof of the averments which they contained. The pleas themselves did not show the date of the lease, and hence, the lease introduced in evidence must be taken to be the same as pleaded. The chattel mortgage and the evidence to support the allegations of the pleas, was introduced under the general issue, as no questions of law were raised before the court by submitting propositions, we must believe the court gave the evidence full weight. Appellant therefore sustained no injury by the action of the court, on sustaining the demurrer to them. Jones v. State Bank Iowa, 34 Ill. 313; Atlantic Ins. Co. v. Wright, 22 Ill. 462.

The action of the court in striking amended pleas 9 and 10 from the files, we think was error. The pleas were amended by leave of the court and were properly on file, and it was error to strike them off. The court should have required the appellee to respond to the pleas either by demurrer or replication.

It is claimed that there was no right of distraint in any event, for the reason that Mary Williams, mother of appellee, signed the several notes as surety, and that for that reason the landlord's lien and right of distraint given by the statute was waived and relinquished. In case of a vendor's and mechanic's lien, the taking of either personal security or a chattel mortgage, would be a waiver of the lien. Richards v. Learning, 27 Ill. 432; Kinsey et al. v. Thomas, 28 Ill. 504.

But such would not be the case when applied to a landlord's lien and his right to distrain for rent, for the reason that the well recognized principle of law is that the acceptance of an obligation of an inferior or even equal degree does not extinguish a prior obligation unless such is the express agreement of the parties, and rent issuing out of the realty is of a higher obligation than a simple contract. Atkins v. Byrnes, 71 Ill. 326; Cornell v. Lamb, 20 Johnson, 407; Taylor's Landlord and Tenant, Sec. 565.

A landlord may pursue his remedy against the tenant by distress, and against the surety at the same time. Kink v. Blackman, 72 Penn. St. 347, 13 Am. Rep. 684.

It is claimed that the court below ought to have allowed the rent to be set off by way of recoupment against the value of the corn taken, which it is claimed the court did not do. We think this as a proposition of law is correct as a general rule, even though the action be trespass as in this case, and that this may be shown under the general issue. Higgins v. Lee, 16 Ill. 495; Babcock v. Trice, 18 Ill. 420; Staw v. Larwood, 14 Ill. 424; Brigham v. Hawley, 17 Ill. 38; Sanger v. Fincher, 27 Ill. 347; Burrough v. Clancey, 53 Ill. 30; Streeter v. Streeter, 43 Ill. 155; Camp v. Ganley, 6 Bradwell, 499; Tripp v. Grouner, 60 Ill. 474.

It will be seen that our statute gives the landlord a lien on the crop for his rent, and that he has such an interest in the crop itself that in case the tenant sell the crop without his consent to a third party, under circumstances to hold such party to notice of the landlord's lien, he will be liable in a suit by the landlord for the amount of rent due to the extent of the value of the crops. Prettyman v. Unland et al. 77 Ill. 206; Thomp-

son v. Mead, 67 Ill. 395. And the landlord is entitled to the possession of the crop to enforce his lien. The interest which the tenant has in the crop is the general ownership subject to the landlord's lien, and such interest can not be seized on, attached or sold in execution in favor of a third party so as to divest the landlord of his interest. Wetsel v. Mayers et al. 91 Ill. 497. And the abandonment by the latter of his distress proceedings is not a waiver of his lien, for the lien is created by statute and does not depend on the distress proceedings.

But it is claimed that, because when this suit was commenced, the rent was not due, that there could be no recoupment of the rent against appellee's claim for damages, even though the rent was due, as it was in this case at the time of trial. We do not regard this point as well taken; but as to whether there could be any recoupment of the rent in an action of trespass by the tenant against the landlord for illegal distraint in case there was no rent in arrear at the time of trial, we will express no opinion, it not being necessary to decide that question. If there could be any force in the objection to such recoupment, it must be on the ground that while the landlord has an interest in the crop or lien on it, and the tenant has no legal right to make way with it so as to endanger the right of the landlord in respect to his rent, the tenant has the right to the possession of the crop till the rent is due, when the landlord has the right to possession for enforcing his lien. In case the tenant in an action like this should be allowed to recover the full value of the rent from the landlord in money, he would be bound to hold the money for the use of the landlord to the extent of his claim, it representing and remaining in place of the crops. But when the trial takes place and the rent is due, the landlord has an interest in the crop given to him by statute, and also has the right to the possession of it for the purpose of enforcing his lien, and in case the crop has been sold, has a right to enough of the money to pay his rent.

What good purpose could be subserved in compelling the landlord to pay the money to the tenant and then compelling the tenant to immediately hand it back to him, or compel the landlord to sue for its recovery and possibly cause him to lose his

rent? and in this case the tenant is insolvent. The doctrine of the law of recoupment is somewhat of a modern growth, and as was well said by Judge Breese in Streeter v. Streeter, 43 Ill. 155, is becoming popularized in the realm of the common law; "it tends to promote justice, prevent useless litigation, avoids circuity of action and a multiplicity of suits; adjusting in one action adverse claims growing out of the same subject-matter, which can generally be much better settled in one proceeding than several." And in this case we can clearly see the beneficial operation of such a rule. No damage to appellee could result in consequence of the allowance of the recoupment of the rent. Appellee could be mulcted in no bill of costs, for he would be entitled to recover nominal damages which would carry the costs, if he made out his case of illegal restraint.

The recoupment could only go to the appellee's claim for the corn to the extent of the rent, and the appellee would have the right to recover exemplary damages if he should make out a case entitling him to it.

Again in the action the expense of harvesting the crop and hauling it to market should have been allowed appellant. Bates v. Courtwright, 36 Ill. 518.

But it is claimed that for all that appears from the record the court may have allowed recoupment, and in order to make up the recovery of $500 may have allowed punitive damages. It is true that the court took the evidence under advisement and may have allowed the claims of the landlord by way of recoupment to the extent of the value of the corn, which was about $500; but if that were so the verdict was made up wholly of exemplary damages; a round sum.

But we are unable to see from the evidence that there was any foundation for the allowance of that sort of damages. The appellant had an undoubted lien on the corn for his rent and appellee had mortgaged the corn to Adams for more than it was worth, whose claim was due in less than sixty days from the time of the distress, and who was intending to take the crop to satisfy his mortgage.

It was almost wholly a question between Adams and ap-

pellee which of them would make his debt out of the corn. The appellee was not greatly interested; the corn must go either to pay Adams or appellant.

The statute also apparently gave to appellant the right to make the distress because the corn was sold to Adams and was about to be removed by him when his note became due. Appellant swears he believed he had the right to make the distraint when he did. It seems to us that there was probable cause to commence the proceedings to say the least, and the expressions of appellant tending to show malice which he denies having made, if made, would not overcome the other facts and testimony in the case that he was not actuated by malice. The expressions by appellant that appellee could not carry on lawsuits, and that he could do so, and that he wanted to get appellee off the farm, and other similar expressions, we do not think sufficient to show such malice as to justify a finding for exemplary damages. We are of the opinion that the court below erred in carrying back the demurrer to the 2d, 3d, 4th and 5th pleas, in striking the 9th and 10th amended pleas from the files, and in not granting appellant a new trial, and for these reasons the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.