WILLIAM O. CLOYD

v.

CHARLES F. STEIGER AND ALBERT STEIGER.

*Sales—Live Stock—Written Contract—Construction—Recoupment.*

1.   A contract of sale of certain cattle, providing that the same shall be
fed on corn up to a certain date, carries with it the implication that after
said date and before delivery, such care must be bestowed on them as a
reasonably prudent man would bestow on his own property.

2.   In an action brought to recover upon a contract for the sale of certain
steers, defendants contending that they were entitled to damages arising
from the depreciation in value of some through the failure of the seller to
properly feed the same, this court declines to interfere with the verdict for
the plaintiff.

3.   A counter-claim arising out of the subject-matter of a given suit and
susceptible of adjustment therein, is a proper subject for recoupment.

[Opinion filed September 20, 1890.]

APPEAL from the Circuit Court of Sangamon County; the
Hon. J. A. CREIGHTON, Judge, presiding.

Messrs. PALMER & SHUTT, for appellant.

Messrs. PATTON & HAMILTON, for appellees.

CONGER, P. J.   The plaintiff, the appellant here, brought
an action of assumpsit on the contract, of which the following
is a copy:

" Springfield, Ills., March 29, 1887.

"I have this day sold to Chas. F. Steiger & Bro. one hundred and fifty steers at 4¼ cents per pound, to be weighed at Chatham, Illinois.

" Fifty steers to be taken any time after May 20, and one hundred steers to be taken any time after June 15th, 1887.

" The cattle to be fed on corn until July 15th, 1887.

" W. O. Cloyd.

" Accept above contract.

" Charles F. Steiger & Bro."

On the 7th of June, 1887, appellees took and paid for thirty-eight head; on the 21st of the same month twenty head; on the 6th of July fifteen head; on the 23d of August seventeen head; and on the 5th of September fifteen, leaving in possession of appellant at that date forty-five head; and it is for the contract price of these forty-five head of steers that the suit was brought.

Appellees filed a plea of non-assumpsit and placed their defense upon the following grounds: First, that the steers taken prior to the 15th of July were not fed on corn as provided by the contract, and that in consequence thereof the steers were worth $1 per hundred less than the contract price; and second, that after the 15th day of July, 1887, it was the duty of the plaintiff to feed such of the steers as remained in his possession, in such manner as a reasonably prudent man would feed his own under like circumstances, and that a reasonably prudent man, who had fed his own steers with corn until the 15th of July, would continue to feed them with corn until disposed of. They maintained, as a matter of fact, that the plaintiff, contrary to his duty, did not feed the steers with corn after the 15th day of July, and in consequence the steers depreciated in value, for which depreciation they claimed damages.

Appellant sold these forty-five steers to other parties on the 17th of October, 1887, at a sum, as he claims, less by $1,005.83, than they would have brought at the contract price.

The jury returned a verdict of $1 in favor of appellant, upon which judgment was rendered.

Cloyd v. Steiger.

The opposing views of appellant and appellees as to the proper construction of the contract, and of their rights and duties in reference to the steers remaining in possession of appellant after the 15th of July, appear in the following instructions presented to the court, the first of which was refused by the court, and is as follows:

10.  " The court instructs the jury, that though the plaintiff was bound by law, after the 15th of July, to give to the cattle that remained in his possession such degree of care as men of ordinary prudence and judgment give to their own cattle under like circumstances, still, the law does not require that plaintiff should feed the cattle in his possession with corn."

But the court added the following words :

" Unless you believe from the evidence that a reasonably prudent man, under all the circumstances, by the evidence, would have fed his own cattle with corn," and as thus modified gave the instruction to the jury.

Upon the part of appellees the court gave the following :

4.  " The court further instructs the jury that if you believe from the evidence that the plaintiff fed the cattle on corn up to the 15th day of July, 1887, in pursuance of the contract in evidence, and that a portion of the cattle mentioned in said contract remained in his possession after the said 15th day of July, then it was the duty of the plaintiff, so long as he continued to retain such possession of said cattle, to take such care of them as a reasonably prudent man would take of his own cattle, under all the circumstances shown by the evidence; and if you further believe, from the evidence, that under all the circumstances shown by the evidence, a reasonably prudent man would have continued to feed them on corn after said date, and if you further so believe that the plaintiff, after said date, retained possession of said cattle, and failed to feed them on corn, and that the cattle depreciated in value because they were not so fed, and that defendants were damaged thereby, then the defendants are entitled to have such damages, if any, allowed, and if such damages amount to as much as or more than the plaintiff demands, then you should find for defendants."

The evidence shows that the season of 1887 was one of extraordinary drought, and that after the 15th of July the

pastures were not sufficient to keep the steers up in flesh, and that to quit feeding them on corn at that time necessarily depreciated their market value.

Under the contract appellant was not required to feed them corn after the 15th of July, but was he not required, in the language of the appellees' instruction, to take such care of them as a reasonably prudent man would take of his own cattle, under the circumstances, and if such reasonable care required the feeding of corn, should not the loss occasioned by failing so to do fall upon him? We are clearly of the opinion that it should.

It is said appellees were in fault in not taking the steers away on the 15th of July, and especially so when they were notified by appellant that the pastures had failed and he should feed corn no longer than his contract required. This may be admitted, and it does not relieve appellant from the duty of bestowing such care upon the steers while in his possession, as a reasonably prudent man would give to his own property. If appellant after the 15th day of July desired to relieve himself of all responsibility for the care of the steers, and appellees wrongfully refused to receive them, he could have sold them, and held appellees for the loss, if any.

Not desiring to take that course, but to retain them in his own possession, every principle of right would require him to take reasonable care of them. Suppose appellant's pastures had entirely failed and the cattle were starving; would he not be required to provide some other means of feeding them although, under the contract, such an event was not contemplated by the parties?

We think there is no force in appellant's proposition that " the breach of the supposed duty to feed the cattle after the 15th of July as a reasonably prudent man would feed his own cattle under like circumstances, are not proper subjects for recoupment."

" It is sufficient that the counter-claim arise out of the same subject-matter, and that they are susceptible of adjustment in one action." Stow v. Yarwood, 14 Ill. 424.

The judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*