O. H. Sample, Defendant in Error, v. R. B. Farson, Plaintiff in Error.

### Gen. No. 17,302.

1.   MUNICIPAL COURT—*affidavit of defense setting up proper subject of recoupment is improperly stricken.*   Where an affidavit of defense to an action on a promissory note sets up that plaintiff and defendant mutually contracted to pay each other one-half of the profits of each other's business and to make settlements, that the agreement was not to constitute a partnership and that the note sued on was given in evidence of a settlement and accounting, but that since then large profits exceeding the amount of the note have been made by the plaintiff who refuses to account, the demand may be recouped and the affidavit is improperly stricken as insufficient.

2.   MUNICIPAL COURT—*affidavit of merits disclosing cross accounts may be sufficient.*   The fact that an affidavit of defense discloses and renders necessary to the trial of the case cross accounts between the parties does not deprive a court of law of jurisdiction.

3.   SET-OFF AND COUNTERCLAIM—*when refusal to divide profits may be adjusted by recoupment.*   Where two dealers mutually contract to pay each other one-half of the net profits of their respective businesses and to make settlements when demanded, if one gives a note in evidence of his accounting and settlement and the other subsequently refuses to account for the profits, in an action on the note the mutual demands may be adjusted by recoupment.

4. Partnership—*when agreement as to division of profits does not constitute partnership.* Where two dealers mutually contract to pay each other one-half of the net profits of their respective businesses, a clause that the agreement should not be construed as a partnership controls, and as between themselves the agreement is not one of partnership.

Error to the Municipal Court of Chicago; the Hon. William N. Gemmill, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Reversed and remanded. Opinion filed November 12, 1912.

Parker & Hagan, for plaintiff in error.

Harold L. Ickes, for defendant in error; Earl J. Smith, of counsel.

Mr. Justice F. A. Smith delivered the opinion of the court.

Defendant in error, Sample, brought a suit of the fourth class in the Municipal Court against plaintiff in error, Farson, on a promissory note. The defendant, Farson, filed two successive affidavits of defense, each of which was stricken from the files as insufficient. By leave of court he then filed an amended affidavit of defense on February 11, 1911, averring that he believed he had a good defense upon the merits to the whole of the plaintiff's demand, stating the nature of the defense as follows:

"From about the first of May, 1909, and until after the time of the giving of the note sued upon, the plaintiff conducted a lumber business in the City of Chicago under the name of 'O. H. Sample Lumber Co.,' and at like times the defendant, in like manner, conducted a certain other lumber business in the City of Chicago under the name of 'R. B. Farson;' that the said business of the plaintiff and the said business of the defendant were at all times absolutely separate and distinct, and that neither the plaintiff nor the defendant had at any time any voice or control in the conduct of the business of the other; that on or about May 12, 1909, the plaintiff entered into a verbal con-

tract with the defendant, whereby in consideration that the defendant would and did agree to pay to the plaintiff one-half of the net profits of the defendant's said business, that the plaintiff would in like manner pay to the defendant one-half of the net profits of the plaintiff's said business, and that settlements should be had from time to time as requested by either party, but that the agreement should not be construed as a partnership in any sense; that pursuant to such agreement settlements were to be made from time to time between said parties, and the note now sued upon by the plaintiff was given in evidence of a part of the amount found upon one of said accountings to be due to the plaintiff from the defendant as the plaintiff's fifty per cent. share of the profits of the defendant's business, for the period covered by such accounting, a note having been given in like manner by the plaintiff to the defendant at the same time in evidence of the amount found to be due to the defendant as his fifty per cent. share of the plaintiff's business for the period covered by such accounting; that since the giving of said note large profits have been made by the plaintiff in his said business and demands for a settlement have been repeatedly made upon the plaintiff by the defendant; that the amount due to the defendant from the plaintiff at the time of the commencement of the plaintiff's suit, settlement whereof had been demanded by the defendant, as aforesaid, exceeded, and now exceeds the amount of said note and the amount of any other indebtedness owed by the defendant to the plaintiff.''

The trial court held that this affidavit also was insufficient, and struck the affidavit ''out'' and entered judgment on the plaintiff's note as by default.

The question thus presented is whether the amended affidavit of defense stated matters which would be admissible in defense of the claim on the note.

The affidavit of defense shows that the plaintiff and defendant had made an agreement for a division of profits of their respective businesses. They had accounted together from time to time under this agree-

ment, and the note, on which the defendant in error, Sample, brought suit, was given on the occasion of one of these accountings as the evidence of certain allowances due the plaintiff below, Sample, out of the defendant's business.    The note represented only the plaintiff Sample's interest in profits which had then been earned by the business of the defendant.  If no such note had been given, the defendant, under the agreement, would still have owed the plaintiff the amount for which the note was given and which the note evidenced. The affidavit shows that after the accounting was had and the note given as evidence of the result, further profits accrued in the business done by the plaintiff, and under the agreement a considerable sum became due from the plaintiff, Sample, to the defendant, Farson.  As to these profits earned in the plaintiff's business no adjustment has been had and the defendant asks to recoup his interest in these profits against the plaintiff's share in the defendant's profits evidenced by the note.

In our opinion the two claims arise obviously from the same subject-matter, and under the well established rule mutual demands arising out of the same subject-matter may always be adjusted in one action by recoupment.   Stow v. Yarwood, 14 Ill. 423, is a leading case in this state upon this subject.  In that case the action was trover for the conversion of an engine and the defendant sought to recoup a claim for repair work done on the engine.   The court made the identity of the subject-matter the test, even though it resulted in the recouping of a claim sounding in contract against one which arose *ex delicto*.

Turner v. Retter, 58 Ill. 264, was a suit for the conversion of a promissory note, and it was held that the defendant should have been allowed to recoup a claim for services rendered in collecting the note.

In Waterman v. Clark, 76 Ill. 428, the plaintiff sued on a promissory note as in the case at bar.  By the

defendant's plea it appeared that before the giving of the note the parties had made a contract whereby plaintiff undertook to care for certain cattle belonging to the defendant. The note sued on was given to discharge the plaintiff's lien for agistment, and the defendant sought to recoup against the note a claim for damages suffered to the cattle while in the plaintiff's possession. This was held to be a proper matter for recoupment, both claims arising out of the contract for agistment. Bross v. Cairo & V. R. Co., 9 Ill. App. 363; Cunnea v. Williams, 11 Ill. App. 72; Stubblefield v. Soule, 21 Ill. App. 154; Beam v. Cleveland, C., C. & St. L. R. Co., 97 Ill. App. 24, illustrate the doctrine.

The agreement set up in the affidavit of defense was not a partnership agreement as between the parties. The parties expressly stipulated that the agreement should not be construed as a partnership in any sense. As between the parties to the agreement, this stipulation is controlling as expressing the intent of the parties. Stevens v. Faucet, 24 Ill. 483.

The fact that the parties were to share profits as contemplated by the agreement in question, eliminating from consideration for the present the clause expressly declaring the intention of the parties not to form a partnership, would be a *prima facie* indication of the intention of the parties from which a partnership might be inferred; but this is rebutted by the clause referred to, and that clause must be given full effect as between the parties, and constitutes a controlling element in the contract as to the intention of the parties between themselves. Niehoff v. Dudley, 40 Ill. 406.

The fact that the affidavit of merits discloses and renders necessary to the trial of the case cross accounts between the parties does not deprive a court of law of jurisdiction. The familiar rule is that where an adequate legal remedy exists a court of equity will not assume jurisdiction. Even if relief may be had in equity, it is not a sound objection to the jurisdiction

at law. ''The difficulty of investigating a disputed account before a jury seems also to constitute no legal objection to this action.'' 1 Chit. Pl., 116; Tomkins v. Willshear, 5 Taunt. 431; County of Cook v. Davis, 143 Ill. 151; John S. Davis' Sons v. Fuller, 84 Ill. App. 295.

The trial court erred in ''striking out'' the affidavit of defense from the files and entering judgment as by default. The judgment is reversed and the cause remanded.

*Reversed and remanded.*