## Charles E. Farrell, Administrator, Appellee, v. Reuben Bruce, Appellant.

### Gen. No. 5,964.

1. SET-OFF AND RECOUPMENT, § 25*—*right of recoupment in action of trover by administrator.* In trover by an administrator to recover the value of certain certificates of deposit belonging to the deceased and wrongfully converted by defendant to his use, defendant is entitled to recoup for a portion of the money paid out by him for doctor's and undertaker's bills incurred in the last sickness of deceased and in his burial.

2. APPEAL AND ERROR, § 1698a*—*when error in instruction not waived.* Where an instruction given by plaintiff is erroneous for the reason it ignored defendant's right to recoupment, the defendant is not precluded from complaining of such instruction because he asked for no instruction covering that point.

3. PLEADING, § 303*—*when affidavit denying assignment of copy of instrument unnecessary.* Where a plaintiff in an action of tort unnecessarily files with his declaration a copy of an instrument, the assignment of which he seeks to impeach, he is not required to file with the copy an affidavit denying its assignment in order to offer proof in support of his action.

4. TROVER AND CONVERSION, § 19*—*when trover will not lie.* Where a decedent in his lifetime gave a person certain certificates of deposits for collection and the latter cashed the same and afterwards misapplied the proceeds, or refused to pay over the money so obtained, or the balance of it in his possession, to the administrator, *held* that the administrator could not recover the surplus in his hands in an action of trover.

5. WITNESSES, § 327*—*extent to which testimony in other proceedings may be inquired into.* Permitting a party to get before the jury the testimony of his witnesses in a proceeding in another court, on the theory that he was surprised and was endeavoring to refresh the memory and quicken the conscience of his witnesses, *held* improper as to extent to which the trial court allowed the inquiry to go.

6. APPEAL AND ERROR, § 472*—*when improper remarks of court not saved for review.* Objections to improper remarks of trial court are not preserved for review when no specific objection was made in the trial court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Appeal from the Circuit Court of Peoria county; the Hon. THEO-
DORE N. GREEN, Judge, presiding. Heard in this court at the October
term, 1914. Reversed and remanded. Opinion filed December 3,
1914.

SHEEN & GALBRAITH and GLEN CAMERON, for appellant.

QUINN, QUINN & McGRATH, for appellee.

MR. PRESIDING JUSTICE CARNES delivered the opinion
of the court.

John Farrell died intestate September 27, 1912,
seventy-nine years of age. About two weeks before
his death, and in his last sickness, he delivered to
Reuben Bruce, the appellant, twenty-five of his bank
certificates of deposit which he indorsed on two differ-
ent occasions, in part by writing his name and in part
by his mark. Bruce procured the payment of these
certificates in the lifetime of John Farrell and after-
wards paid out of the money so obtained doctor's bills
and undertaker's bills incurred in the last sickness
and burial of deceased, and contracted for a monument
to be placed on his burial lot. Charles E. Farrell, the
appellee, was appointed and qualified as administrator
of John Farrell's estate and brought this action of
trover against appellant to recover the value of said
certificates and obtained a verdict and judgment for
$2,370.13, the full amount of the certificates with inter-
est, without any deduction for moneys that had been
expended by appellant for the benefit of the estate.
Appellant assigns error that he was not permitted to
recoup moneys so paid by him. The instructions given
at appellee's request ignore that right.

This error is well assigned. It is said in *Stow v.
Yarwood,* 14 Ill. 424, on page 426, in illustration of
the doctrine of recoupment: "If a stranger converts
the goods of an intestate, and is sued in trover for the
goods by the administrator, he may show in mitigation

of damages, that he has applied the proceeds to the payment of the debts of the intestate.'' This case is cited in *Turner v. Retter*, 58 Ill. 264, and it is there held that the defendant may recoup damages under the plea of the general issue in action of trover. This is the settled law of this State; the authorities are collected and reviewed in *Sample v. Farson*, 174 Ill. App. 334. It is no answer to say that appellant asked no instruction covering that point. The instructions of appellee were erroneous in that respect, and the verdict and judgment were not supported by the evidence. Therefore, because of this error, the judgment must be reversed and the cause remanded for another trial.

The main contention on the trial was on the question whether John Farrell at the time of the delivery and indorsement of the certificates was mentally and physically able to understand the transaction and know what he was doing. If he was not, then the delivery and assignment was not his act and was of no force and effect. If he did understand what he was doing and was capable of transacting that business, then there is another question under the evidence as to the legal effect of what was said and done at the time, depending somewhat on a determination of fact as to what was said and done. Without expressing any opinion as to the weight of the evidence, we will notice other errors assigned so far as necessary to another trial of the case. The declaration was in the common form and the plea was the general issue. In the record filed here are copies of the twenty-five certificates in question following the copy of the declaration, but while copies of the indorsements thereon appear in that part of the record showing the certificates offered in evidence they do not appear at this place. It is assumed in argument that these copies of the certificates were filed with the declaration; therefore, it is argued that appellee cannot deny that the

certificates were assigned to appellant, because he, the appellee, filed no affidavit denying the execution or assignment, and section 52 of our Practice Act (J. & A. ¶ 8589) is relied on in support of that contention. No authority is cited, and we know of none, that supports the position that a plaintiff in an action of tort, unnecessarily filing a copy of the instrument in question, the assignment of which he is attacking, must file with the copy an affidavit that it was not assigned, or be precluded from offering proof in support of his action. We do not regard this error well assigned.

Appellant contends that if it is found from the evidence that the certificates were given to him by the intestate to be collected, and he did rightfully cash them and afterwards misapplied the proceeds or refused to pay over the money so obtained by him or the balance of it in his possession to the administrator, that he is not liable in this action and relies on *Kerwin v. Balhatchett,* 147 Ill. App. 561, in support of that position. We think that case properly states the law so far as it may be applicable to questions arising under the facts here. The case of *Loomis v. Stave,* 72 Ill. 623, is in point. Trover does not lie to recover a surplus in the hands of a bailee as there stated, and if appellant was rightfully in possession of these certificates and rightfully collected the money due on them and there be moneys in his hands so obtained belonging to the estate, it cannot be recovered under the pleadings in this action.

Some of appellee's witnesses had before testified in the County Court on a trial involving the facts about which they were called to speak in this trial, and their testimony on this trial was not so favorable to appellee as he might well presume it would be. He was allowed, over appellant's objection, to get their testimony in the County Court quite fully before the jury, on the theory that he was surprised and was endeavoring to refresh the memory and quicken the con-

science of his witnesses. This line of examination is permitted in certain instances with proper limitation, but we are of the opinion that the court erred in the extent to which he allowed the inquiry to go; but as there can be no claim of surprise as to the testimony of these witnesses on another trial, the question will probably not again arise.

Complaint is made of remarks of the court during the trial that are claimed to be prejudicial to appellant. There is no doubt danger that a court may inadvertently err in that manner, as was very aptly said by Judge Gary in *Kane v. Kinnare*, 69 Ill. App. 81; but to preserve that question for review, objection must be specifically made to the language employed by the Court. *Pegram v. Mutual Protective League*, 159 Ill. App. 214. An unguarded expression may often be relieved of harm if the Court's attention is at once called to it.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*