## John W. Esch, Defendant in Error, v. Phil S. Dillon, Plaintiff in Error.

### Gen. No. 27,848.

SALES—*right of buyer to recoup damages for breach of warranty in trover for goods conditionally sold.* An action commenced in the justice's court in replevin for possession of a plow is one in trover and not one in replevin where the plow was not taken on the writ and the plaintiff thereupon declared in trover, under Cahill's Ill. St. ch. 119, ¶ 18, providing that the plaintiff may declare in trover in such cases, and in such case where the evidence shows that the plow and other farm machinery were sold to defendant on an entire, indivisible conditional sales contract of which defendant is alleged to be in default, defendant is entitled to show all the facts and circumstances surrounding the transaction, including an asserted breach of warranty as to the other machinery, and to recoup his damages therefrom against any recovery by plaintiff on account of the conversion of the plow.

Error by defendant to the County Court of Cook county; the Hon. FRANK S. RIGHEIMER, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1922. Reversed and remanded. Opinion filed October 17, 1923.

PETER J. HOWER, for plaintiff in error.

TATGE & TATGE, for defendant in error.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action of replevin before a justice of the peace against the defendant to recover possession of a plow. The plow was not taken on the writ and the plaintiff declared in trover. There was a jury trial in the justice court and by their verdict the jury found the issues in favor of the defendant and found "the right of property alleged in the affidavit in said defendant." An appeal was taken to the county court of Cook county where a trial *de novo*

was had.   At the close of all the evidence the court on motion of the plaintiff instructed the jury to find the "defendant guilty and to assess the plaintiff's damages at the value of the property at the time of the conversion as shown by the preponderance of the evidence."   The jury returned a verdict accordingly and fixed the value of the plow at the time of the conversion at $175.   Judgment was entered on the verdict and the defendant appeals.

The record discloses that plaintiff was a dealer in farm implements and tractors manufactured by the International Harvester Company.   On December 17, 1920, the parties entered into a written agreement for the purchase by the defendant of a tractor for $1,150 and a tractor plow for $200, making a total of $1,350, of which $150 was paid in cash and the balance evidenced by three notes, one for $200 due January 14, 1921, another for $200 due March 15, 1921, and one for $800 due December 15, 1921.   The notes were to draw interest at the rate of seven per cent before and eight per cent after maturity.   By the express terms of the contract the "warranty and agreement" on the back of it was made a part thereof.   This warranty and agreement, among other things, provided that upon delivery of the tractor and plow the purchaser agreed to give them a fair trial as soon as possible and within two days after he first used them. It further provided that if the machinery failed to work properly and prompt notice were given, the seller would send a man within a reasonable time to put them in order, and that "if it still fails to work properly and the purchaser promptly returns it to the seller at the place where it was delivered, the seller will refund the amount paid which shall constitute a settlement in full.   Retention of possession or continued use shall constitute an acceptance and satisfaction of warranty."   The contract further provided that "title, with right of repossession for default,

is reserved to the seller until the full purchase price has been paid.''

The evidence further shows that the tractor and plow were delivered and that defendant paid $150 in cash and executed his three notes as provided in the contract. The notes provided that the title to the property should not pass from the International Harvester Company until payment was made in full, and that if default be made in the payment of any part of any of the notes, then the Harvester Company might declare all the notes due and take possession of the property, sell the same at private or public sale, and that the purchaser agreed in consideration for the use of the same to pay any balance remaining unpaid on the notes in case there was a deficiency after the sale of the property by the Harvester Company. Payment of these notes was guaranteed by the plaintiff and they were indorsed by the Harvester Company to him. Plaintiff deposited the notes for collection in a Maywood bank. The first note maturing January 15, 1921, was paid. The other two notes were not paid. There is evidence in the record tending to show that the defendant was dissatisfied with the tractor and returned it to the plaintiff, but the circumstances under which it was returned or whether it was accepted by the plaintiff do not appear. Evidence with reference to the tractor was excluded upon objection by plaintiff. The evidence further shows that prior to the institution of the suit in replevin before the justice of the peace plaintiff demanded the return of the plow, which was refused. Plaintiff also introduced evidence tending to show the value of the plow at the time of its conversion.

The defendant contends, as we understand his argument, that he was entitled to show all the facts and circumstances surrounding the transaction with reference to the tractor and that he should have been allowed to recoup or setoff, at least to the extent of

the judgment, $175, on account of the $350 which he had theretofore paid on account of the purchase price. In support of this the cases of *Stow v. Yarwood,* 14 Ill. 424; *Farrell v. Bruce,* 190 Ill. App. 309, and other cases are cited.

The *Stow* case was an action of trover. The evidence tended to show that the defendant had converted to his own use certain personal property belonging to the plaintiff upon which the defendant had previously done some work at the instance of plaintiff. The court directed the jury not to take into consideration the defendant's claim for work done upon the property, and the propriety of that ruling was the only question in the case. The court held that the defendant should have been allowed to recoup and said (p. 426): "If a stranger converts the goods of an intestate, and is sued in trover for the goods by the administrator, he may show, in mitigation of damages, that he has applied the proceeds to the payment of the debts of the intestate.   *   *   * If goods are pledged to secure the payment of a debt, and the pledgee converts them to his own use, he may recoup the amount of his debt in an action brought against him for the conversion of the goods. *   *   * In trover for goods, the defendant may recoup the amount of the lien thereon for freight, or for work done."

The *Farrell* case was an action of trover brought to recover the value of certain certificates of deposit. The evidence disclosed that the defendant had received the money on the certificates and paid bills which the estate owed. There was a verdict and judgment for the full amount of the certificates without any deduction. This was held error. The court there said (p. 310): "It is said in *Stow v. Yarwood,* 14 Ill. 424, on page 426, in illustration of the doctrine of recoupment: 'If a stranger converts the goods of an intestate, and is sued in trover for the goods

by the administrator, he may show, in mitigation of damages, that he has applied the proceeds to the payment of the debts of the intestate.' This case is cited in *Turner v. Retter,* 58 Ill. 264, and it is there held that the defendant may recoup damages under the plea of the general issue in action of trover. This is the settled law of this State.''

In the instant case the court should have admitted all the evidence concerning the plow and tractor. It was one entire indivisible contract, and if the evidence disclosed that defendant was entitled to recoup for any breach of warranty, under the authorities the recoupment should have been allowed. Plaintiff makes no reply to this contention except to say that the instant case is an action of replevin and a recoupment is never proper in such a case, but if it appears that there is a breach of warranty or other cause of complaint by a purchaser of personal property, he could have his remedy thereafter in a proper action but not in the replevin suit, citing the case of *Fairbanks v. Malloy,* 16 Ill. App. 277. The difficulty with this position is that it overlooks the fact that this case is not an action of replevin but a suit in trover only. The statute provides that where in a replevin suit the property is not taken on the writ and delivered to the plaintiff, he may then declare in trover. Section 18, ch. 119, Cahill's Ill. St. By virtue of the statute, since the plow was not taken on the writ, the action became one of trover. *Nelson v. Bowen,* 15 Ill. App. 477; *Brin v. Topp,* 131 Ill. App. 394; *Udell v. Slocum,* 56 Ill. App. 216.

In the *Nelson* case an action of replevin was brought in a justice court for certain chattels. Part of them were taken on the writ. Upon appeal to the circuit court the defendant failed to appear and plaintiff had a jury impaneled and sworn to try the issues. They returned the following verdict: ''We, the jury,

find the right of property obtained on the writ of re-
plevin in plaintiff and assess her damages at one
hundred thirty-three and 50/100 dollars, for deten-
tion of goods not obtained.'' Judgment was entered
on the verdict. An appeal was taken to this court on
the ground that the verdict was so defective that it
would not sustain the judgment. The opinion was
by Judge McAllister. It is there said (p. 478):
''The action having originated in justice's court, no
pleadings in writing were required there or on ap-
peal. But it does not follow that there were no par-
ticular issues to be tried, when the jury was chosen
and sworn in the circuit court. When the plaintiff
below sought to recover for the goods which were not
obtained by the writ of replevin, it was in trover,
under the statute above referred to; and the case
is to be regarded the same as if there had been a
count in trover. That being so, then the law raises
the presumption of an issue being joined, as upon a
plea of not guilty to that count. *Hennies v. People,*
70 Ill. 100.

''What in that state of the case were the issues?
In order to recover, the plaintiff was bound to show
absolute or special property in the goods or some of
them, and a wrongful conversion by the defendant.
Whether there was such property in the plaintiff, and
whether the defendant had wrongfully converted the
goods in question, were necessarily the issues involved.
A general verdict of guilty would, however, compre-
hend them all.'' It was held that the verdict would
not sustain the judgment and it was reversed.

In the instant case the plaintiff having declared in
trover, as he had a right under the statute to do, the
action then became one of trover and the defendant
was entitled to recoup if the evidence would warrant
it. The court should, therefore, have permitted the
entire transaction between the parties to be gone into.
The judgment of the county court, therefore, must
be reversed and the cause remanded for a new trial.

It has been held in the case of *Manufacturers Mercantile Co. v. Monarch Refrigerating Co.*, 169 Ill. App. 562, that plaintiff to maintain an action of trover has the burden of proving three elements: (1) Title to the property in question; (2) the right to immediate possession of it; and (3) the wrongful withholding of such possession. In addition to this, it is obvious that plaintiff must also prove the value of the article at the time of the conversion as a basis for the amount of the verdict and judgment.

The judgment of the county court of Cook county is reversed and the cause remanded.

*Reversed and remanded.*

TAYLOR, P. J., and THOMSON, J., concur.