Frink et al. *v.* Bolton.

· JOHN FRINK et al., Appellants, *v.* JOHN BOLTON, Appellee.

APPEAL FROM DU PAGE.

As between the parties a receipt is always subject to explanation.

THIS was a proceeding to set aside a fee bill and execution issued by Bolton against Frink & Co.  Bolton had a judgment against Frink & Co., which was pending by appeal in the supreme court; while so pending a settlement was made, and a draft as follows was given and paid:——

" $650.

" Pay to J. N. Arnold or order, six hundred and fifty dollars, being in full for judgment of Bolton *v.* Frink and Walker.

HENRY FRINK.

" To John Frink & Co., Chicago.

" Ottawa, July 6, 1853."

On which was indorsed,—

"July 9, 1853. Received of W. Vernon for J. Frink.

J. N. ARNOLD."

It was insisted by Frink & Co. that the above amount covered all costs. Bolton denied this assumption. HENDERSON, Judge, at April term, 1854, dismissed the order to stay execution, and Frink and Walker appealed.

JUDD & FRINK, for appellants.

J. F. FARNSWORTH, for appellee.

TREAT, C. J. *Primâ facie,* the order and receipt showed a satisfaction of the entire judgment. But the transaction was subject to explanation. It was competent to show the character and extent of the settlement. As between the parties, a receipt may always be explained. The attorney of the plaintiff testifies, that the settlement only related to the damages recovered, and that it did not extend to the costs of the case. As this statement is not contradicted by the other witnesses, it must be considered as true. The payment of the order, therefore, only amounted to a discharge of the damages, leaving the judgment for costs in full force. The court properly refused to quash the execution, issued for the collection of the costs.

The judgment is affirmed.

*Judgment affirmed.*