Kingman et al v. Draper et al.

## M. KINGMAN ET AL.

### v.

## DANIEL DRAPER ET AL.

| 14 | 577 |
| 102 | ¹553 |

1. SET-OFF.—Set-off has application only to actions brought on contract; it is a counter claim which the defendant holds against the plaintiff, and usually arises out of a transaction extrinsic to that involved in the plaintiff's cause of action; the defendant, on properly pleading it, may recover a judgment for any excess of indebtedness in his favor, and both the original action and the cross action are *ex contractu*.

2. RECOUPMENT.—Recoupment is a mere right to reduce or defeat the plaintiff's demand, on account of some matter connected with the transaction upon which the suit is brought. The recoupment may be to the full extent of the plaintiff's damages, but the defendant can not recover any excess of damages; a claim originating in contract may be set up against one founded in tort, and damages for a tort in a suit on a contract.

3. VERDICT IN RECOUPMENT IN EXCESS OF DAMAGES.—In an action brought upon two promissory notes given in part payment for a mill, defendants relied upon a plea whose gist was the conversion of the mill to the use of the plaintiff subsequent to the giving of the notes. *Held*, in the absence of a special demurrer to be a good plea in the nature of a plea of recoupment, and it was erroneous to render an affirmative verdict and judgment for an excess of damages for the defendants.

APPEAL from the Circuit Court of Wayne county; the Hon. C. S. CONGER, Judge, presiding. Opinion filed April 18, 1884.

Messrs. HANNA & ADAMS and Mr. EDWIN BEECHER, for appellants; that if plaintiffs' act in selling the mill was illegal, defendant can only set up, by way of recoupment, so much of its value as equals plaintiffs' claim, cited Stow v. Yarwood, 14 Ill. 424.

Messrs. ROBINSON, BOGGS & JOHNS, and Messrs. CREIGHTON & SIBLEY, for appellees.

BAKER J. Set-off has application only to actions brought on contract, and is a cross-debt, a counter demand or claim, originating in contract, which the defendant holds against the plaintiff, and it most usually arises out of a transaction extrin-

sic to that involved in the plaintiff's cause of action. The defendant may plead the set-off, or may give notice thereof under the general issue or under the plea of payment, and may recover a judgment for any excess of indebtedness in his favor. The defendant stands in the attitude of a plaintiff in a cross-action and both the original action and the cross-action are *ex contractu*.

Recoupment proceeds upon another principle, and is a mere right to reduce or defeat the plaintiff's demand, on account of some matter connected with the transaction upon which the suit is brought. The recoupment may be to the full extent of the plaintiff's damages, but the defendant can not recover any excess of damages. A claim originating in contract may be set up against one founded in tort; and damages for a tort in a suit on a contract. The law of recoupment is well settled in this State. See the leading case of Stow v. Yarwood, 14 Ill. 424; also Streeter v. Streeter, 43 Id. 155, and Waterman v. Clark, 76 Id. 428. The cases of Bross v. C. & V. R. R. Co., 9 Bradwell, 363, and Burlingame v. Davis, 13 Bradwell, 602, are on the same line. This suit was brought on two promissory notes, the principals of which amounted to $810.

The verdict and judgment were for the defendants for $738.70. It is plain the judgment can not be sustained upon the record before us, unless it be upon the basis of the sixth plea. That plea is, in substance, that plaintiffs sold defendants a saw-mill, in consideration for which defendants executed the notes in suit and other notes; that afterward plaintiffs, assuming to act under and by virtue of a chattel mortgage, took possession of the mill and made a pretended sale of it to themselves, and then removed it and converted it to their own use; and that the mill was reasonably worth $2,000, and out of this sum of $2,000 the plea offers to set off and allow the plaintiffs the full amount of their damages. The plea is, in the absence of a special demurrer, a good plea, and may, not improperly, be named a plea of recoupment. The cause of action disclosed by it is in trover for a conversion of the property. It does not allege a promise or proceed upon the ground of a contract; but it is for a tort, and its gist is

St. L., A. & T. H. R. R. Co. v. Hill et al.

the conversion of the mill to the use of the plaintiffs. We have seen that one may not set off a tort against a contract, or a contract against a tort, and recover an affirmative judgment for any excess of damages. The most he can do is to recoup, discount or mitigate the plaintiff's damages, and thus reduce or wholly defeat a recovery by the plaintiff.

It may be urged the evidence shows the mill was afterward sold by the plaintiffs to a third party and converted into money, and that in such case the defendants may waive the tort and sue for the money. But then, the plea does not proceed upon that ground; and what is perhaps of more substantial moment as respects the real merits of the controversy, the amount of the verdict and judgment, and the instructions of the court, were all based upon the theory of a right in the defendants to recover upon their plea to the extent of the value of the mill, some $1,600, and not on the theory that the limit of the recovery on the plea was $1,050, the sum received by the plaintiffs for the mill. And so, the judgment is reversed and the cause remanded.