## Chicago Smokeless Fuel Gas Co. and James W. Chisholm v. W. C. Lyman.

1. MECHANIC'S LIEN—*On Leasehold Estate.*—A leasehold interest is one upon which a mechanic's lien may be placed, and improvements put upon the premises adding to the value thereof create the lien.

2. SAME—*Upon the Interest of the Owner.*—A mechanic's lien attaches to the entire interest of the owner in the estate, and is on account of the additional value imparted to such interest by the addition to the premises of materials, etc., placed thereon.

3. SAME—*Not Lost by the Removal of the Improvements.*—A lien upon a leasehold estate for improvements placed thereon, is not lost by reason of the removal by a third person of the materials of which such improvements were composed, although the value of such lien may be affected by such removal.

4. SAME—*When the Leasehold Estate Becomes Valueless.*—Where a leasehold estate, by reason of the excessiveness of the rents, becomes valueless, the lien upon the lessee's interest becomes also valueless.

**Mechanic's Lien.**—Error to the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1895. Reversed. Opinion filed February 11, 1896.

### STATEMENT OF THE CASE.

This was a proceeding to enforce a mechanic's lien, brought by the Marinette Iron Works Company, on September 9, 1891, against the Chicago Smokeless Fuel Gas Company et al.; W. C. Lyman, another lien claimant and now defendant in error, was made a party to the bill.

Lyman filed his answer to the bill on the 9th day of January, 1892, and on the 11th day of January, 1892, filed a cross-bill and a supplemental bill, bringing in under the latter James W. Chisholm, charging him with having removed and carried away the materials of the Smokeless company, for the furnishing of which liens were claimed, thereby destroying the value claimed to have been added to the premises by such materials. Demurrers to the cross-bill and supplemental bill were filed and sustained, and afterward the cross-bill and supplemental bill were amended by annexing

as an exhibit thereto a statement of the notice filed with the clerk of the Circuit Court; also by inserting in said cross and supplemental bills, by way of amendment, the allegation that the Smokeless company had a contract in writing with the owner of the premises for the purchase of the same any time before December 1, 1891, for $17,000; and also stating that John W. Calkins is and was the legal owner of the premises.

Demurrers filed to the amended cross and supplemental bills, were overruled, after which answers were filed; Chisholm pleading that the things done by him, complained of, were done before the cross-bill was filed; furthermore, that the property added to and afterward removed from the premises, was personal, and that the interest of the Smokeless Fuel Co. in and to the premises was personal property only, upon which a mechanic's lien could not attach. Issue was joined on all the pleadings, and the cause was referred to a master to take proof. The complainant, the Marinette company, did not introduce any evidence to sustain their lien before the master, and a decree was entered that the Marinette company had no lien on the premises. The decree sustained the claim of Lyman, and a money decree was also entered in favor of Lyman, against Chisholm, because he had taken possession of and removed the material for the supplying of which a lien was claimed.

To reverse such decree, the Smokeless Fuel Co. prosecute this writ of error.

SIDNEY CORNING EASTMAN, attorney for plaintiffs in error.

WILBER ELDRIDGE & ALDEN, attorneys for defendants in error.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The leasehold interest of the Smokeless Gas Company was one upon which a mechanic's lien may be placed, and the improvements placed thereon, a gas plant, were such as,

if they added to the value of such interest, would create a lien.

The fixtures of the Gas company, excepting those supplied by the defendant in error, were, after a lien therefor had attached, removed by Chisholm.

The removal of such materials at such time did not destroy any lien. The mechanic's lien is upon the entire interest of the owner in the premises, and is on account of the additional value imparted to such interest by the addition to the premises of the materials placed thereon and annexed thereto. The lien was not destroyed by the after removal of the materials, although the value, the worth of such lien, might be affected by such removal.

It is manifest that the leasehold interest of the Smokeless Fuel Co. became worthless by the failure of the experimental gas plant. Such leasehold was dependent upon the payment of a large sum for ground rent. When the business undertaken on the premises became such a failure that essential portions of the plant were suffered to be taken away by a constable, it is manifest that the lien of Lyman was upon nothing of value.

It was therefore worthless. The leasehold interest of the plaintiff in error had become valueless ere the removal of the machinery, etc., by Chisholm. Such machinery, etc., may have had some value for the purpose of being removed and sold; but the material-man had no right, under his lien, to remove the same; his lien was on the interest of the Smokeless Fuel Company in and to the premises, which interest, as we have said, was dependent upon the payment of ground rent, under a then valueless lease; a ground rent which rendered the lease valueless. Nor is there anything tending to show that the contract to purchase was of any value.

Chisholm's conduct in removing the machinery, etc., was, therefore, no damage to defendant in error. Whether defendant in error, if he had, in an action at law, obtained judgment against the Smokeless Fuel Company, might not have levied upon, removed and sold the machinery carried

off by Chisholm, is a question which we are not called upon to answer.

As the holder of a mechanic's lien, defendant in error would have had no such right of removal.

The finding by the court that Lyman was entitled to a lien on the premises may be justified by the evidence, but as such lien is of no value it is useless to remand the case. The decree against Chisholm is reversed.