## E. A. Culver, Adm'r, v. W. S. Belt.

1. RECEIPTS—*Are Open to Explanation.*—A general receipt in full of all demands is open to explanation, and may by satisfactory proof be restrained in its operation.

Claim in Probate.—Appeal from the Circuit Court of Greene County; the Hon. GEORGE W. HERDMAN, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed December 2, 1897.

DOOLITTLE & SCANLAND, attorneys for appellant.

HENRY T. RAINEY, attorney for appellee.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment in favor of appellee against the estate of A. T. Perry, deceased, for $584.40.

The record shows that in the year 1893, A. T. Perry, a wealthy old bachelor, rented a farm to appellee under a contract whereby he was to have one-third of the crops raised, two rooms in the house situated on the farm for his own use, and table board. He was a man well advanced in years and was predisposed to pulmonary and heart troubles. He was taken very seriously ill in the spring of 1894 and remained an invalid until the date of his death, which

occurred on the 24th of June, 1896. He was confined to his bed much of his time and received a great deal of attention and nursing from appellee and members of his family. From time to time money was paid appellee by Perry for services rendered him in that way and for work by way of improvements on the farm. It was for balance alleged to be due at the time of Perry's death that the claim was filed.

The case was tried by the court without a jury. No propositions of law were submitted, and the only ground urged for a reversal of the judgment is that the finding of the court was against the evidence. The record shows a sharp conflict in the testimony. It would render this opinion too long to discuss it in detail.

The trial court had the witnesses before him. His opportunities for judging of the weight to be given to their testimony was superior to ours. We shall not presume to say that he misconceived their testimony.

Much stress is laid upon the fact that several receipts were given by appellee to Perry in his lifetime and to the administrator which were worded as receipts in full of all demands to date. From evidence that was heard by the court, it is clear to our minds that the receipts were not intended as being in full of all demands, but were intended to relate to and cover particular matters of settlement considered by the parties at the time.

A general receipt in full of all demands is open to explanation, and may by satisfactory proof be restrained in its operation. Walrath v. Norton, 5 Gilm. 437; Frink v. Bolton, 15 Ill. 343; Gillett v. Wiley, 126 Ill. 310.

We see no just reason for disturbing the judgment.