## Geo. E. Lloyd & Co. v. The Manufacturers & Merchants Warehouse Co.

1. RECOUPMENT—*As a Defense.*—Recoupment is a defense arising out of the subject-matter of the plaintiff's claim; it is an innovation upon the strict rules of the common law, sanctioned by the courts for the purpose of doing equity between the parties, as it tends to promote justice and avoid a multiplicity of suits.

2. SAME—*When Claims Originating in Tort May Be Recouped Against Claims Growing out of Contracts.*—A claim originating in tort may, by way of recoupment, be set up as a defense to a claim growing out of contract, provided both arise out of the same subject-matter and are susceptible of adjustment in one action.

3. SET-OFF—*A Counter Demand Which the Defendant has Against the Plaintiff.*—Set-off is a counter demand which the defendant has against the plaintiff; it usually arises out of a transaction extrinsic to the plaintiff's cause of action, and which, if allowed, exceeds the allowable claim of the plaintiff; judgment for the excess may be entered in favor of the defendant and against the plaintiff.

4. SAME—*Distinction Between Recoupment and Set-off.*—Unlike the defense of recoupment, a claim for damages based upon a tort can not be set off against one founded entirely upon contract. Set-off must be pleaded or interposed under notice, but recoupment may be had under the general issue.

5. UNLIQUIDATED DAMAGES—*As a Set-off.*—What is frequently said to the effect that unliquidated damages can not be the subject of set-off has reference only to unliquidated damages arising out of tort.

**Assumpsit.**—Error to the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Opinion filed July 2, 1902.

**Statement.**—The plaintiff in error, Geo. E. Lloyd & Co., performed certain work, and furnished certain material subsequent to January 2, 1899, to the Manufacturers and Merchants Warehouse Co., the value of which in total amounted to the sum of $342.88.

The parties to this suit at the date thereof respectively gave and accepted the following order:

" MESSRS. GEORGE E. LLOYD & COMPANY, Chicago.

CHICAGO, September 25th, 1897.

GENTLEMEN :—Please enter our order for 5,000 special two-piece hangers as per sketch and specifications hereto

552    APPELLATE COURTS OF ILLINOIS.

VOL. 102.] Geo. E. Lloyd & Co. v. Mfrs. & Merchants Warehouse Co.

attached, to be taken during the season ending September
1st, 1898, prices to be as follows:

Nickeled.......................................$1.65 each
Black.........................................$1.30 each
  Guarantee against lower quotations.
          MANUFACTURERS & MERCHANTS WAREHOUSE,
                                    Per T. H. Riddell."

Specifications were attached thereto. Under this con-
tract a large number of hangers were sold by Lloyd & Co.,
and delivered to the warehouse company prior to Septem-
ber 1, 1898, the end of the season of that year.

During the year 1898, settlements were made between the
parties for these hangers, at the price named in the contract.
January 6, 1899, a bill was presented by the plaintiff in
error to the defendant in error, showing a balance due it,
for these hangers, of $622.02. At that time defendant in
error claimed an off-set of $137.50 against said bill, which
was allowed by the plaintiff in error, whereupon the defend-
ant in error gave to Lloyd & Company its check for
$484.50 and a receipt in full of all claims to that date.

After January 6, 1899, the defendant in error claims to
have learned that the plaintiff in error had been selling
hangers described in the contract, to others, at the rate of
$1.50 each. Thereupon the defendant in error made a claim
against the plaintiff in error under the contract of Septem-
ber 25, 1897, for a rebate of fifteen cents each on 4,033 hang-
ers, having twenty-four tooth sprockets, and ten cents each
on 1,400 twenty-five tooth sprockets, sold to and paid for
by it under the agreement of September 25, 1897.

Defendants in error filed a notice of set-off for such claim.

Lloyd & Company, as before stated, about January, 1899,
furnished to the warehouse company goods and labor
amounting to $342.88. This was not done under the con-
tract of September 25, 1897, nor had it any connection with
such contract. For this $342.88, Lloyd & Company brought
suit and the warehouse company's alleged set-off was the
only matter disputed at the trial.

BANGS, WOOD & BANGS, attorneys for plaintiff in error.

DEFREES, BRACE & RITTER, attorneys for defendant in error.

MR. JUSTICE WATERMAN delivered the opinion of the court.

Recoupment is a defense arising out of the subject-matter of the plaintiff's claim. It is an innovation upon the strict rules of the common law, sanctioned by the courts for the purpose of doing equity between the parties; it tends to promote justice and avoid a multiplicity of suits. It is necessary that this defense arise out of and be connected with the transaction or contract upon which the suit is brought, but it is not essential that the opposing claims should be of the same character.

A claim originating in tort may, by way of recoupment, be set up as a defense to a claim growing out of contract, provided both arise out of the same subject-matter and are susceptible of adjustment in one action. Waterman on Set-off and Recoupment, Secs. 463–464.

Set-off is a counter demand which the defendant has against the plaintiff; it usually arises out of a transaction extrinsic to the plaintiff's cause of action; and if the set-off allowed be more than the allowable claim of the plaintiff, judgment for the excess may, in the action, be awarded to the defendant against the plaintiff. Waterman on Set-off, Sec. 2; Kingman v. Draper, 14 Ill. App. 577; Steere v. Brownell, 124 Ill. 27; East v. Crow, 70 Ill. 91.

Unlike the defense of recoupment a claim for damages based upon a tort can not be set up against one founded entirely upon contract. Set-off must be pleaded or interposed under notice; recoupment may be had under the general issue.

What is said, many times, to the effect that unliquidated damages can not be set off, has reference only to unliquidated damages arising out of tort.

The words " guarantee against lower quotations " are not a contract to maintain prices, but an agreement that the price given to appellee shall be as low as that allowed to any one.

Such agreement is not in violation of the " anti-trust

statute." The peculiar significance which particular words, letters or characters have in various lines of business and in contracts made in respect thereto need not be old, or known to all. The letters "O. K." in receipts, speedily became common and well understood; the same was the case with " O. I. P." in fire insurance policies.

In interpreting a written contract the first question is, what did the parties mean by the words and characters they made use of. In determining what each is bound to do, proof of usage so ancient, common and well understood that the parties must be presumed to have contracted with reference thereto, may be given.

The receipt " in full of all claims " is not conclusive as against matters not then known, and which appellant had concealed from appellee. Between the parties thereto, a receipt is always open to explanation. Frink v. Bolton, 15 Ill. 343.

The judgment of the Superior Court is affirmed.