**B. F. Rork et al. v. Thomas Minor, Sheriff, etc., for use, etc.**

**B. F. Rork et al. v. A. E. Foster, Sheriff, etc., for use, etc.**

1. RECEIPTS—*Open to Explanation*—A receipt is open to explanation and may, by satisfactory proof, be restrained in its operation.

2. PRACTICE—*Application to Tax Costs of Unnecessary Witnesses*

*Against the Successful Litigant.*—An application to tax the costs of witnesses of a successful litigant against him on the ground that the witnesses were unnecessary, is always addressed to the sound discretion of the trial court, and is not subject to review in this court unless it appears that the discretion has been abused. There is no inhibition against a party introducing as many witnesses as he may think necessary to prove a fact in dispute, but he assumes the risk of having taxed against him the fees of all such witnesses as the trial court may deem unnecessary.

Debt, upon replevin bonds. Appeal from the Circuit Court of Moultrie County; the Hon. William G. Cochran, Judge presiding. Heard in this court at the November term, 1902. Affirmed. Opinion filed April 30, 1903.

W. K. Whitfield and E. J. Miller, attorneys for appellants.

Spitler & Jennings, attorneys for appellee.

Mr. Justice Harker delivered the opinion of the court.

The two above styled suits, brought by appellees upon replevin bonds executed by appellants, were consolidated and tried together by one jury in the Circuit Court. Pending a motion to enter judgment on the special findings made by the jury, being for $1,305.55 damages in one case, and $1,807.20 in the other case, Wright agreed with appellants to accept $3,000 in settlement of the amount shown by the special findings. The $3,000 was accordingly paid to him, whereupon he executed and delivered a receipt in the following words:

State of Illinois, } ss.    In the Circuit Court, March term,
Moultrie County, }                          1902.

Thomas Minor, Sheriff, etc., ⎫
  for the use of A. T. Wright, ⎪
      vs. ⎪
B. F. Rork et al. and A. E. ⎬ Debt.
  Foster, Sheriff, etc., for the ⎪
  use of A. T. Wright, ⎪
      vs. ⎪
    B. F. Rork et al. ⎭

I, the above named beneficial plaintiff in the above entitled causes, now pending in the Circuit Court of Moul-

trie County, Illinois, hereby acknowledge receipt of the sum of three thousand one hundred ten and 75-100 dollars, in full satisfaction of the verdicts returned by the jury in said causes, and in full satisfaction of my claim growing out of the taking of the broom corn taken by the sheriffs of Moultrie and Shelby counties on behalf of B. R. Rork. Said sum being in full payment of the judgments that may be rendered on said verdicts.

A. T. WRIGHT.

Thereupon, the Circuit Court entered judgment on the special findings, in one suit for $1,305.55 damages and costs, and in the other for $1,807.20 damages and costs, and ordered that the judgments in debt be satisfied on payment of damages and costs, as per agreement on file—being the above mentioned receipt, which was incorporated in and made part of the judgment entry.

A few days after the judgment was entered appellants filed a motion to tax the costs of the suit to Wright. Two grounds were set forth in the motion. One was that the suits had been compromised before judgment, and that Wright had accepted $3,110.75, in full satisfaction of any judgment that might be rendered on the verdicts; and the other was that Wright had used an unnecessary number of witnesses upon a single point in dispute, and had caused other witnesses to be subpœnaed who had not been used. In resistance of the motion, Wright presented two affidavits. In the first he showed that the witnesses complained of were subpœnaed on good faith under direction of his attorneys, and were not kept in attendance longer than necessary. In the other, he swore that when he compromised with appellants, it was the distinct understanding between them that he was to have $3,000 net and was liable for no costs.

The Circuit Court overruled the motion, and his action in that regard is the only question submitted for our decision.

Had the court been limited to the receipt which was executed in duplicate, the decision should have been for the motion. But it is a settled rule of law that a receipt is open to explanation and may, by satisfactory proof, be

restrained in its operation. Walrath v. Norton, 5 Gilm. 437; Frink v. Bolton, 15 Ill. 343; Gillett v. Wiley, 126 Ill. 310. Wright's affidavit shows that the receipt relied upon by appellants was not intended to cover the costs of the suits, but that the same were to be paid by appellants. There is no contradiction of it by either of the appellants or their attorneys who prepared the receipt. We take it, then, that the understanding and agreement was that appellants were to pay the costs.

An application to tax the costs of witnesses of a successful litigant against him upon the ground that the witnesses were unnecessary, is always addressed to the sound discretion of the trial court. There is no inhibition against a party introducing as many witnesses as he may think necessary to prove a fact in dispute, but he assumes the risk of having taxed against him the fees of all such witnesses as the trial court may deem unnecessary. The allowance or denial of a motion for that purpose, resting in the sound discretion of the trial court, is not subject to review in this court unless it appears that the discretion has been abused. C., B. & N. R. R. Co. v. Bowman et al., 122 Ill. 595. We are unable to see in this case that the court below abused its discretion in that regard and the judgment will be affirmed.