## The Andrews Heating Company, Appellant, v. George B. Abbott, Appellee.

1. RECOUPMENT—*limit of rights under defense. of.* Where a recoupment is interposed, the amount of the plaintiff's claim may be reduced or totally defeated but no recovery over may properly be allowed.

2. APPEALS AND ERRORS—*when reversal will not be ordered.* Where the error determined by the Appellate Court is merely that a judgment was rendered for an amount in excess of what the law would, under the state of the pleadings, in any event, permit, the error is one which may be corrected in the Appellate Court without remanding the cause for a new trial.

Mechanic's lien. Appeal from the City Court of East St. Louis; the Hon. W. J. N. MOYERS, Judge, presiding. · Heard in this court at the August term, 1907. Reversed in part; affirmed in part, and judgment here. Opinion filed September 12, 1908.

O. L. VOIGT and C. E. POPE, for appellant.

KEEFE & SULLIVAN, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

Appellant filed a bill in the City Court of East St. Louis against the appellee to establish a mechanic's lien for an unpaid part of the purchase price of a hot-water heating plant. The substance of the contract set out in the bill is, that appellant agreed to furnish and install a complete hot-water heating apparatus in. a building owned by appellee, for which appellee was to pay the sum of $434, fifty per cent upon receipt of radiators, and the balance, $217, "upon receipt of heater properly installed and all labor well and fully performed by first party" (appellant). The size, material, design, pipe connections, radiation, room-space to be heated, and other details usual in such construction were fully specified in the contract. Appellant guaranteed "all material to be perfect * * * and the plant to be capable of continuously heating the designated rooms to seventy degrees in the most se-

vere weather if the building is well constructed." It is alleged by the bill that appellant installed the heating plant according to the contract and that appellee accepted and used the same after the work was completed.

It is conceded that appellee paid the first instalment, $217, when the radiators were delivered, but refused to pay the balance, and to enforce the payment of this balance of $217 this proceeding was commenced. It is also conceded that proper and timely statutory notice was filed by appellant with the circuit clerk. The bill prays for an accounting and decree for lien upon the premises for the balance found to be due the complainant. By answer filed, the appellee admits the making of the contract and the installation of the plant, but denies that the apparatus supplied and the construction of the plant was in accordance with the contract or the guaranty contained therein. It is averred in the answer that the heating apparatus was insufficient and incapable for heating the building to seventy degrees in severe weather, as guaranteed by the contract. Other defects relating to the construction of which complaint is made, are set out in sufficient detail by denials in the answer. Under leave of the court the appellee amended his answer wherein he claimed to have sustained loss and damages by reason of appellant's failure to install the plant according to agreement. The damages specified by the amendment are as follows: Loss in rents $600; paid on order of appellant $100; damage to building $300; janitor service $240; first instalment paid $217. A general replication to the answer was filed and the case tried by a jury which returned the following verdict: "We the jury find the issues for the defendant and assess his damages at $200, the amount of damages that the defendant has sustained." From a decree rendered on the verdict in favor of defendant and against complainant for the sum of $200, the complainant appealed to this court.

All the questions discussed in argument are within the assignment of errors. There being no complaint that the issues to be tried by the jury were not formulated and directed by the court as required by statute in chancery practice, we assume that the parties consented to the mode of trial adopted. At any rate, not having objected, they may now be held to have waived the informality. As we understand the record in this case, it is not material whether the verdict is conclusive upon questions of fact as in a trial of an action at law, or merely advisory and in aid of the chancellor, as in equity proceedings. After careful examination of the evidence we are of opinion that the evidence justifies the finding of court and jury that appellant failed in its guaranty of a plant capable of heating the building to seventy degrees in severe weather according to proposal and contract, and that the failure in this respect was not due to the construction of the building, nor to the improper use of the plant by appellee. We are furthermore of the opinion that there is evidence to support the counter-claim filed by appellee to the extent, at least, of the unpaid balance claimed by appellant under the contract, and that the verdict and finding of the court should have been for the defendant. But as the verdict and decree in favor of appellee for $200 in excess of appellant's claim must have been by the allowance of damages in recoupment, and not in set-off, the verdict over, the allowance of damages in excess of appellant's claim was without authority of law, and may, therefore, be disregarded by judgment in this court. In statutory proceedings to enforce a mechanic's lien "the owner shall be entitled to make any defense against the contractor, by way of set-off, recoupment or counter-claim that he could in any action at law, and shall be entitled to the same right of recovery on proof of such in excess of the claim of the contractor." In an action at law the defendant may recoup unliquidated damages arising out of the same transaction to the

extent of plaintiff's demand, but may not recover over. Such is the familiar and well-established doctrine in this State. The evidence of appellee's counter-claim in this case related to unliquidated damages, excepting, only, the item specified for money "paid on order of appellant," and as to that item more than $100 was claimed or proved. Under the evidence there is no basis for appellee's claim to have refunded in set-off the $217 payment made by him on the contract. There is no evidence of timely refusal to accept the apparatus, nor demand for return of the money paid, nor was there any express rescission of the contract on his part. So that it is apparent of record the allowance to appellee of $200 damages, in excess of appellant's demand, is based wholly upon proof of unliquidated damages which, in this proceeding as in an action at law, may not be done. Inasmuch as there was error in allowing a judgment for damages in excess of what the law permits, that is a judgment on items which could only be allowed in recoupment, and as this is the only error to be corrected, it will not be necessary to remand the cause. Lyman et al. v. Kline et al., 128 Ill. App. 497; Indiana Millers Mut. F. Ins. Co. v. People, 65 Ill. App. 355; Chicago Smokeless Fuel Gas Co. v. Lyman, 62 Ill. App. 538.

It is therefore ordered, adjudged and decreed that the bill or petition herein be dismissed for want of equity or right to mechanic's lien as therein prayed, that final judgment as above indicated be rendered in this court in favor of appellee and against the appellant for costs.

*Reversed in part, affirmed in part, and judgment here.*