## Charles Bostrom, Augusta Bostrom and Magnus Olson, Trading as Bostrom & Olson, Appellants, v. Louis S. Becker, Appellee.

### Gen. No. 16,926.

1. RECOUPMENT—*mechanics' lien.* On a contractor's bill to enforce a mechanic's lien for labor and materials, in constructing a foundation, a claim by the defendant for damages for non-compliance with the contract in constructing said foundation, necessitating its removal, is a claim for recoupment, and an affirmative decree in excess of the complainant's allowable claim is erroneous.

2. MECHANICS' LIEN—*defenses.* Under Sec. 13 of the Mechanics' Lien Act as to defenses against the contractor by way of set-off, recoupment, or counterclaim, equity follows the law.

3. RECOUPMENT—*claim must arise out of transaction.* In recoupment, the demand sued for and that recouped must arise out of the same transaction.

4. RECOUPMENT—*limitation of judgment.* In recoupment an affirmative judgment in excess of the plaintiff's claims cannot be had.

5. SET-OFF AND COUNTERCLAIM—*can be pleaded, when.* A set-off or counterclaim can be pleaded only when there is an indebtedness from the plaintiff to the defendant which might be made the subject of an independent suit.

6. SET-OFF—*may exceed claim of plaintiff.* A set-off claim may exceed the allowable claim of the plaintiff.

Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed in part and reversed in part. Opinion filed October 3, 1912.

CHARLES A. WILLIAMS, for appellants.

COLSON & JOHNSON, for appellee.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

This was a bill in equity, filed in the Circuit Court of Cook county on June 16, 1906, by Charles Bostrom, Augusta Bostrom and Magnus Olson, doing business as Bostrom & Olson, appellants and hereinafter called

complainants, against Louis S. Becker, appellee and hereinafter called defendant, for a mechanic's lien on certain real estate owned by defendant in said county. The defendant filed an answer, and complainants a replication thereto, and a hearing was had before the court. On January 29, 1910, the court entered a decree dismissing the bill as amended, at complainants' costs, for want of equity, and ordered that the decree stand as a judgment against the complainants for $100 for damages. This appeal is prosecuted to reverse that decree.

The facts, briefly stated, are that on July 5, 1905, the defendant entered into a written contract with complainants for the construction by the latter of a dwelling house upon defendant's premises; that the contract provided that defendant should pay the sum of $5,850, the first payment to be made "when roof is on, balance of payments to be made as the work progresses, except 15 per cent., which will be held until the building is completed;" that there was no provision requiring defendant to accept the work as the same progressed; that on July 28, 1905, complainants had about completed the footings and the foundation walls resting thereon, when a controversy arose as to whether the footings and foundation walls were being constructed in accordance with the plans and specifications, defendant contending that the top of the foundation walls, instead of being six inches above "grade" as required, was about twenty-one inches above said grade, and that the footings, instead of being twelve inches thick and thirty inches wide as required, were only about ten inches thick and twenty-eight inches wide; that on said date defendant wrote complainants, "it will be necessary for you to remove the foundation placed on my lot, as according to your statement it is not in accordance with the specifications or contract. I will ask you to have this removed and the proper foundation placed without any unnecessary delay, as I have

now spent more time than I should have spent had you fulfilled your agreement with me;'' that thereafter conversations were had between defendant, or his representative, and one of complainants' firm, and complainants refused to put in other footings or foundation walls in compliance with the plans and specifications as defendant construed them, and demanded that defendant accept the same as put in, which defendant refused to do, and that thereupon complainants refused to do any further work. Counsel for complainants claims that the reason complainants stopped work was that defendant would not allow them to proceed. While some of the testimony offered by complainants tends to this conclusion, we think the preponderance of the evidence is the other way. Counsel's contention in this particular is negatived by complainants' letter of August 10, 1905, to defendant, in which they wrote ''your basement or foundation  *  *  *  is up to the specification and section of the plan, and every day that you delay will be added to the length of time that we have to complete the contract. The sooner you accept the foundation and cease objecting to work that is up to the agreement, the quicker we will be able to  *  *  *  finish the building.'' The masonry specifications provided that complainants should ''build all the footings and walls up to six inches above grade with concrete.'' Counsel contends that this clause in the specification means ''that *every part* of the footings and walls shall be six inches above grade.'' The testimony of several witnesses on behalf of the defendant, one of whom had been a deputy commissioner of buildings in Chicago in 1905, was to the effect that by the term ''grade'' was meant the same grade as the top of the sidewalk. Furthermore, the contention is negatived by the plans themselves, which, from a sectional view of the proposed building disclosed thereon, clearly show that the top of said foundation walls was to be only six inches above grade, and the evidence was that

the top of said walls was twenty-one inches above said grade.

The trial court found, substantially, that complainants did not comply with the contract but violated the provisions of the same relative to the foundations, that they refused to complete the building, that nothing was due complainants from defendant, and that defendant had suffered damages by reason of the failure of complainants to comply with the contract, and the court dismissed the bill for want of equity at complainants' costs. In our opinion, it was proper to dismiss the bill at complainants' costs.

But, the court further ordered that the decree should "stand as a judgment against the complainants for the sum of $100 for damages sustained by the defendant, * * * and that the defendant have execution for said sum * * * and for his costs with interest thereon from this date against the complainants as at law." We assume that the court had in mind that portion of section 13 of our Mechanic's Lien Act which provides:

"The owner shall be entitled to make any defense against the contractor by way of set-off, recoupment or counter-claim that he could in any action at law, and shall be entitled to the same right of recovery on proof of such in excess of the claim of the contractor against the contractor only, but for matters not growing out of the contract such recovery shall be without prejudice to the rights of the sub-contractors thereunder for payment out of the contract price or fund; * * * *"

In our opinion, so much of the decree as renders a judgment for $100 for damages against the complainants, and authorizes an execution thereon, is without authority of law. The section of the statute above mentioned provides that "the owner shall be entitled to make any defense against the contractor by way of *set-off, recoupment* or *counterclaim* that he could in any action *at law,* and shall be entitled to the *same*

*right of recovery* on proof of such *in excess of the claim* of the contractor against the contractor only, but for matters not growing out of the contract such recovery shall be,'' etc. The contract in question was, as we have seen, one in which complainants agreed to build a house for defendant for a certain price, the first payment to be made "when roof is on." The trial court found in the decree, substantially, that, after complainants had constructed the basement and foundations in violation of the provisions of the contract and defendant had refused to accept the same at complainants' request, complainants refused to further proceed with the construction of the house, that defendant owed complainants nothing, that said basement and foundations could not be utilized by defendant and would have to be removed, that such removal *would* cost defendant $100, and that thereby defendant had been damaged in that sum. The judgment in favor of defendant was on his claim for unliquidated damages, and on a matter growing out of the contract. And, as complainants' claim was for labor and materials (for the payment of which they asked that a decree be entered, and in default of such payment that defendant's premises be sold, etc.), and as the trial court disallowed complainants' claim, this recovery by the defendant was in excess of the claim of the contractor. In actions at law there is a distinction made between set-off and recoupment in the decisions in this state. Waterman v. Clark, 76 Ill. 428. A set-off or counterclaim can be pleaded only when there is an indebtedness from the plaintiff to the defendant which might be made the subject of an independent suit. Litch v. Clinch, 136 Ill. 410. A set-off usually arises out of a transaction extrinsic to the plaintiff's cause of action, and which, if allowed, may exceed the allowable claim of the plaintiff. Lloyd v. Manufacturers, etc., Co., 102 Ill. App. 551; Kingman v. Draper, 14 Ill. App. 577. In recoupment, the demand sued for and that recouped

must arise out of the same transaction. Keegan v. Kinnare, 123 Ill. 280, 286; Stow v. Yarwood, 14 Ill. 424; Streeter v. Streeter, 43 Ill. 155, 162. We think that in this case the allowance to defendant of any damages must have been in recoupment and not in set-off. Andrews Heating Co. v. Abbott, 143 Ill. App. 526, 528. And in an action at law, while a defendant may recoup unliquidated damages arising out of the same transaction to the extent of the plaintiff's claim in order to reduce or defeat the plaintiff's demand Kingman v. Draper, *supra,* he cannot have an affirmative judgment for any excess of damages. Stow v. Yarwood, *supra;* Streeter v. Streeter, *supra;* Andrews Heating Co. v. Abbott, *supra.* And as the portion of the statute in question only gave the defendant in this case the "same right of recovery" which he would have had "at law," we think that the trial court erred in entering the judgment against the complainants for $100.

For the error indicated that portion of the decree which rendered a judgment for $100 for damages against the complainants is reversed. In all other respects the decree is affirmed. Each party will pay his own costs in this court.

*Affirmed in part and reversed in part.*